*Fairfield,* June, 1846.

Raymond
*v.*
Bell.

In this opinion the other Judges concurred.

Judgment reversed.

---

RAYMOND *against* BELL:

IN ERROR.

Where the complainant, in a proceeding of forcible entry and detainer, alleged, that the defendant entered upon the premises with force and strong hand, and disseised and dispossessed the plaintiff thereof, and with great force and strong hand, continued to hold possession thereof, and to deforce and keep the complainant out of the possession thereof; to which the defendant pleaded *not guilty ;* and the jury found that the defendant was *guilty,* in manner and form as the complainant in his complaint had alleged, and that the complainant have restitution, &c.; it was held, 1. that *not guilty* was a good plea in this action, as it put in issue the material facts alleged; 2. that the verdict of *guilty,* as it directly answered this issue, was sufficient to entitle the complainant to restitution, without any special finding.

Where the jury, after the cause had been committed to them, and they had had it under consideration, came into court; and being enquired of by the judge, whether they had agreed on a verdict, their foreman answered that they had, and handed the verdict to the judge, who read it in court, and thereupon it was accepted; but it was not otherwise ascertained, by enquiry of the jury, or in any other way, that they all concurred in the verdict; it was held, that in the absence of any objection, made at the time, to this mode of rendering and taking the verdict, it was sufficiently authenticated.

Where a court, having special and limited powers, has jurisdiction of the proceeding, and this appears on the face of the record, its acts will be presumed to be rightly done.

Where a motion in arrest of judgment, stating certain facts, was demurred to ; and the court, deeming the facts insufficient, *overruled* the motion, without otherwise answering the issue presented by the demurrer; it was held, that the judgment was not, for this reason, erroneous.

Special pleading on interlocutory motions, is generally discountenanced.

THIS was a complaint for forcible entry and detainer, brought by *Andrew Bell* against *Stephen Raymond,* before the judge of the county court and a justice of the peace.

The complaint alleged, that on the 4th of *April* 1844, said *Andrew Bell* was well seised and possessed of a certain parcel of land, [describing it,] and that afterwards, on the same day, said *Stephen Raymond* did, with force and arms, and with strong hand and great violence, make forcible entry into and upon the premises, and with like force and violence, did disseise and dispossess said *Andrew Bell* of the premises, and with strong hand and great force, doth continue to hold possession of the premises, and to deforce and keep the said *Andrew Bell* out of the possession of the same; against the peace, &c.

To this complaint the defendant pleaded, that he was *not guilty,* in manner and form as the complainant had in his complaint alleged; and thereof put himself on the jury. Issue being joined on this plea, the cause was tried before said court and a jury empanneled to hear and determine the matters alleged in the complaint. The jury returned a verdict for the complainant; and the defendant thereupon moved in arrest of judgment, averring, that the jury had not, by their verdict, or at all, found that a forcible entry had been made, in manner and in form as in said complaint was alleged; nor that the parcel of land in said complaint mentioned was detained with force and with strong hand, as in said complaint was alleged; nor at all detained with force and strong hand; and further, that said verdict was no otherwise rendered than by the handing thereof, by one of the jury, *viz. Sands Adams* Esq., to Judge *Whittlesey,* one of the members of said court; and after said verdict had been read in court, no enquiry was made of the jury, nor of any of them, whether it was the verdict of all the jurors composing said jury, nor whether they all concurred in said verdict; nor was it in any way ascertained, that said jurors all concurred in the verdict, otherwise than by the court's enquiry whether the jury had agreed in a verdict, and said *Adams* answering they had, and thereupon handing said verdict to said judge, who thereupon read it in court. To this motion the plaintiff demurred.

The judgment rendered by the court, was as follows: " The parties having been fully heard, the cause was commit-

ted to the jury, who returned a verdict, by their foreman, *Sands Adams*, that the said *Stephen Raymond is guilty*, in manner and form as is alleged in said complaint, in the words following, *viz.* 'In this case, the jury find, that said *Stephen Raymond is guilty*, in manner and form as said *Andrew Bell* has alleged in this complaint; and that said complainant have restitution of his said premises, and recover his costs' : which said complaint was accepted by this court; and thereupon the defendant filed his motion in arrest, as on file ; which was overruled ; and therefore it is considered by this court, that said *Andrew Bell* be restored to, and reseised of, said premises, as described in said complaint ; and that said *Andrew Bell* recover of said *Raymond* his costs of suit, taxed at 24 dollars, 74 cents ; and that execution for said restitution and costs issue accordingly."

To obtain a reversal of this judgment the defendant brought a writ of error in the superior court, which was reserved for the advice of this court.

*Hawley* and *Ferris*, for the plaintiff in error, contended, 1. That the verdict was defective in itself: it should have found a forcible entry and detainer explicitly. The statute, in its terms, requires such finding. It is summary in its provisions ; acts irrespectively of title ; gives special powers; and furnishes a remedy unknown to and at variance with the common law. As in all other cases where special powers are conferred, the facts should be explicitly found. 3 *Stark. Ev.* 1197. *Starr* v. *Scott*, 8 *Conn. R.* 480. *Hall* v. *Howd* & al. 10 *Conn. R.* 514. *Prince* v. *Sperry*, 6 *Conn. R.* 217. *Powers* v. *The People*, 4 *Johns. R.* 292. *Wickes* v. *Clutterbuck*, 2 *Bing.* 483. (9 *E. C. L.* 490.) *McCormick* & ux. v. *Sullivant* & al. 10 *Wheat.* 192. *Sullivan* & al. v. *Fulton Steam Boat Company*, 6 *Wheat.* 450. The practice in cases of forcible entry and detainer, has been in accordance with the principle above stated. *Bliss* v. *Bange*, 6 *Conn. R.* 78. *Bateman* v. *Goodyear*, 12 *Conn. R.* 575. *Bull* v. *Olcott*, 2 *Root* 472. *Dutton* v. *Tracy*, 4 *Conn. R.* 79. 94.

2. That the verdict was not properly rendered, nor authenticated. There was no proper ascertainment that it was the verdict of the whole jury.

3. That the issue on the motion in arrest, was not an-

*Fairfield, June, 1846.*

Raymond
*v.*
Bell.

swered, by the judgment.    It does not show on what ground
the motion was overruled—whether because the facts alleged
therein were not proved, or because they were insufficient.
*Bird* v. *Bird*, 2 *Root* 411. 413.    *Kelly* v. *Riggs*, *Id.* 13.
*Russell* v. *Cornwell*, *Id.* 63.    *Woodworth* v. *Clark*, 1 *Root*
542.    *Smith* v. *Bellamy*. *Id.* 200.

*Bissell* and *Butler*, for the defendant in error, contended,
1. That the verdict was sufficiently explicit.    Admitting the
principle that every fact necessary to give the court jurisdic-
tion must be substantiated, this has been done in the present
case.    Both a forcible entry and a detainer are averred in
the complaint, and are of course involved in the issue of " *not
guilty* in manner and form."    The verdict of *guilty* necessa-
rily finds these facts.    The jury could have found either or
both, specially, if warranted by the evidence.    As the issue
involved both, the finding is coëxtensive with that issue.    *Not
guilty* is the usual and proper plea, in this proceeding.    1 *Sw.
Dig.* 651.    And so are all the cases.    *Bull* v. *Olcott*, 2 *Root*
472.    *Bird* v. *Bird*, *Id.* 411.    *Phelps* v. *Baldwin*, 17 *Conn.
R.* 209.    *Dutton* v. *Tracy*, 4 *Conn. R.* 79.    In the statutory
proceeding of summary process, it is otherwise ; and there is
no analogy between them.

2. That the verdict was sufficiently authenticated.    In the
first place, it was not necessary that the jury should *sign* the
verdict.    There is nothing in the nature of the proceeding,
nor any authority or practice, which requires it.    In one case,
and in one only, is it required in *Connecticut ;* and in that case,
there is simply an inquest.    *Stat.*184.    Secondly, it was suffi-
ciently ascertained to be their verdict.    They were enquired
of, by the judge, in open court, if they had agreed on a ver-
dict ; they answered, in the usual way, by their foreman, that
they had ; they then, by their foreman, handed the verdict to
the judge, who read it in open court, and declared it accepted ;
and thereupon the jury, without objection on the part of the
defendant, were discharged.    Was any thing more rendered
necessary, by our practice, or by principle ?    The defendant
might have requested the enquiry to be made, or the jury to
be polled ; but he did neither.

3. That the issue on the motion in arrest, was answered by
the court.    The issue was upon the sufficiency of the facts—

an issue *in law ;* and that issue was as directly answered, by implication, in over-ruling the motion, as if it had been a motion in arrest, for insufficiency of averment in the complaint. The language is strictly technical and proper, in all cases where an issue in law is tendered on a motion in arrest. See *Phelps* v. *Baldwin,* above cited.

But if it were otherwise, by our practice, a distinct issue need not be closed, on a motion in arrest ; which is nothing more than an *exception taken.* It is no more a plea than a demurrer is. *Lewis* v. *Hawley,* 2 Day 295. *Babcock* v. *Huntington, Id.* 392.

HINMAN, J. The first question which the plaintiff in error raises upon this record, is, as to the form of the verdict. It is claimed, that the verdict is wrong, because it does not find the forcible entry and detainer alleged in the complaint, specially ; but follows the issue found in the case, upon the defendant's plea of *not guilty* in manner and form as in the complaint is alleged ; and only finds that the defendant is *guilty*, as in the complaint is alleged. It is said, that the statute upon this subject expressly requires a special finding ; and that, as it gives a remedy, unknown to, and at varience with the common law, and is summary in its provisions, and settles the right to the possession of real estate, irrespective of the title of the parties, it ought to be strictly construed ; and thus construed, it is insisted, that unless the jury, expressly, and in terms, find a forcible entry, or the forcible detainer complained of, the proceeding is erroneous.

The statute does indeed say, that, " if the jury find, that a forbible entry has been made into the houses, lands, or tenements, or that the same are detained, with force and strong hand, as complained of, then such judge and justice shall render judgment," &c. *Stat.* 286. (ed. 1838.) By this, it is undoubtedly made necessary, that the forcible entry or detainer complained of, should be found ; or restitution can not be awarded. Indeed, such would be law, if it was not expressly required by statute. Judgment is but the sentence of the law upon the result of proceedings : it must, therefore, be founded upon facts. There can be no judgment to redress an injury, until it is first found, that an injury has, in fact, been committed. But it does not follow from this, that a

special finding is necessary. If there is any reason for it, as, if the jury doubt whether the facts will justify them in finding the issue generally, they may, in any case, find the facts specially ; and we know of no distinction, in this respect, between this action and any other. We are not aware of any case, in which a general verdict is not good, provided it follows the issue. *Steph. Pl.* 83.

If then, the issue was properly found in this case ; that is to say, if the plea of *not guilty* is a good plea in this action, then, inasmuch as the jury have answered it explicitly, and in the accustomed manner, it would seem that they have done all that ought to be required of them. Is *not guilty* a good plea in this action ? Judge *Swift* says, that from the nature of the case, it must be the usual plea. 1 *Sw. Dig.* 651. And, in looking through our reports, we find that in practice it has been the usual plea. 2 *Root* 472. 411. 4 *Conn. R.* 79. 17 *Conn. R.* 209. See also 13 *Vin. Abr.* 404., where it is said, this is a proper plea. Besides, the statute upon which the plaintiff in error relies, shows, that the legislature contemplated this as a proper plea. It provides, that if the jury shall find the persons complained of "*not guilty,*" then costs shall be taxed in their favour. But the jury could not find the persons *not guilty,* unless upon an issue founded upon this plea.

It was said in argument, that the complaint was for a forcible entry into the said premises, and also for a forcible detainer thereof ; and that some of the jury might have thought the forcible entry proved, and some might have rested their verdict upon the forcible detainer ; and thus, by uniting the two causes, in this manner, the complainant might have obtained the verdict, when, if they had been required to find a verdict specially, they would not have agreed to a verdict for the complainant on either ground. How it would be, if two separate and distinct causes of action had been joined in one count of the complaint, is not, perhaps, very material. Even in that case, though the count might be bad for duplicity ; yet a general finding, like a general finding where there are several counts in the same declaration, would probably involve the truth of both or all the separate and distinct causes of action set up in the complaint. This, however, is not such a case. The plaintiff here counts

upon his forcible dispossession of the premises, by the forcible entry of the defendant, on the 4th day of *April* 1844, and his forcible detention of the same from that time till the date of the complaint, all as one act. The complaint, therefore, is for a forcible entry and a continuing detention consequent upon that entry, as one and the same injury. So much of this injury as is material, it was incumbent upon the plaintiff to prove; and it was upon such proof, that he must have recovered. We do not think, therefore, there is any error in the form of the verdict.

2. It is insisted, that the verdict was not properly rendered or authenticated; in other words, that it does not sufficiently appear that it was, in fact, the verdict of the whole jury.

It is shown, in the motion in arrest, that in the progress of the trial, the court enquired of the jury, if they had agreed in a verdict; that *Sands Adams*, Esq., one of said jurors, answered that they had; and thereupon he handed said verdict to Judge *Whittlesey*, and it was read in court; but no enquiry was made of the jury, whether they all concurred in it.

No question appears to have been made, in the court below, but that this inquiry was properly put to the jury, after the cause had been committed to them by the court, and they had had sufficient time to consider it. Nor does it appear, that the defendant there had any reason to doubt, that all the jurors were in fact present in court, when this enquiry was put to them; and that they heard and saw all that passed between the court and Mr. *Adams*, acting as their foreman, and assented to it all. Indeed, no questions of this sort are made before us: but the case is put upon the ground, that the verdict was not sufficiently authenticated; and the claim is, that unless the jury are called in order to see that they are all present, and do in fact assent to the verdict, it cannot be received by the court; or if received, must be set aside. This objection, then, is strictly technical; and if permitted to prevail, it must be upon some stubborn principle, which can neither regard the probable truth of the facts, nor the justice of the case. It has accordingly been insisted upon as well settled, that, where there is a special court, or a court of limited jurisdiction; or where special

*Fairfield,*
June, 1846.

Raymond
*v.*
Bell.

*Fairfield,*
June, 1846.

Raymond
*v.*
Bell.

powers are conferred on particular magistrates ; their proceedings must expressly find every fact necessary to show that they proceed regularly ; and that unless it expressly appears from the record in this case, that the jury were all present in court, and assented to the verdict, it cannot be inferred, or presumed, that they were so in fact. We know of no such principle as this. The cases cited by the plaintiff in error, sustain no such doctrine. We are aware of the distinction that exists, in *England,* between courts of general, and courts of limited or special jurisdiction. In their inferior courts, not of general jursidiction, the maxim, " that every act of a court shall be presumed to have been rightly done, till the contrary appears," does not apply to those courts, on the question of jurisdiction. But the rule is, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so : and on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, but that which is expressly alleged to be so. 1 *Wms. Saund.* 74. 1 *Stark. Ev.* 204. And it has been said, that authority conferred by statute on particular jurisdictions, is ever to be taken strictly. Hence, Lord *Coke,* speaking of a statute which gave to the steward and marshal authority, as a court, to hold plea in the action of trespass, says, that, " though the act speaketh generally of trespasses, yet it is only intended of trespasses *vi et armis,* as of battery and the taking away of goods, &c., notwithstanding the general words of the statute. 2 *Inst.* 548. But this has nothing to do with the case before us. We are not enquiring as to the jurisdiction of this special court over the cause which was before it ; nor as to the construction of the statute under which the court was organized ; but the jurisdiction of the court has been conceded, in every stage of the cause. The cases read, therefore, going to show that the jurisdiction of a special court must appear upon the face of the proceedings, have nothing to do with this question. Many cases of a similar character, in our own reports, might have been found, showing that it must appear upon the face of the proceedings, of all our courts, from the supreme court of the *United States,* down to the court of a single magistrate, that they have jurisdiction of the person and the cause which they assume to try ; and the reason is, because none of our courts

are courts of general jurisdiction, in the sense of the term, as applied to the superior courts in *England.*  1 *Kent's Com. lect.* 46.  7 *Conn. R.* 205, 558. 239. 244.  But when it is seen, that there is such jurisdiction as will support the proceeding ; and this appears upon the face of the record, as in this case ; it will be intended, that the proceedings were regular ; and an inferior court is as much entitled to the benefit of the maxim, " that all its acts are to be presumed to be rightly done," as any other.  *Fox* v. *Hoyt,* 12 *Conn. R.* 491.  That judges and jurors do nothing maliciously ; (1 *Term R.* 503.) that the decisions of a court are well founded and regular, and its records correctly kept ; (1 *East,* 355.) are illustrations of this principle, which have become elementary, and may be found in most of the text books : and private individuals are in many cases entitled to the full benefit of the maxim.  It is familiar law, that where a person is required to do an act, the neglect of which would make him guilty of a crime, it shall be intended that he has performed it, unless the contrary is shown. 3 *East,* 192. So, a man found acting in a public capacity, shall be presumed to be duly authorized ; (*Rex* v. *Verelst,* 3 *Campb.* 432.) and in an information against Lord *Halifax,* for refusing to deliver up the rolls of the auditors of the court of Exchequer, the court held, that it was for the plaintiff to show the negative fact, that he had not delivered them up ; and the reason given for it is, because a person shall be presumed to execute his office till the contrary appears.  3 *East,* 200.  Giving then to this tribunal the benefit of this maxim, it throws upon the defendant below the burden of showing, that the jury did not in fact all assent to the verdict, or, that they were not all present at the time it was rendered.  If there was any foundation for the claim that they were not all present at the time it was rendered, it was very easy for the defendant to have shown it : he might have requested the court to call the jury, or in some other mode acertained that they were, or were not, all present. He might have suggested to the court, that the jury might not all have assented to the verdict, and asked that they be called, and enquired of, in the ordinary form, practiced in our superior and county courts.  We think it too late for him now, after having lain by at the trial, and omitted to take any

*Fairfield,*
June, 1846.

Raymond
*v.*
Bell.

measures calculated to show whether the jury did in fact all agree to the verdict, or not, to call upon this court to reverse these proceedings, upon the bare possibility that his suspicions are well founded. There is nothing in the case of *Mead* v. *Smith*, 16 *Conn. R.* 346. nor in the case of *Rex* v. *Wooller*, 2 *Stark. Ca.* 111. which at all conflicts with the views we have taken on this case.

The incidental remark of the judge, in giving the opinion of the court, in *Mead* v. *Smith*, speaking of the manner in which verdicts are taken in our superior and county courts, that this was the usual and " only proper" mode of assenting to a verdict, must be taken in reference to the case then before the court. Thus taken, the remark is strictly correct, though nothing more is meant by it, than that it is the most convenient and proper mode of assenting to a verdict.

It was not intended, by that remark, to say, that there was no other mode in which the assent of the jury to a verdict may be shown. No one would doubt, we presume, that, if the jury all signed a verdict, their assent to it would be sufficiently shown ; yet it would not be as convenient to do this, as to take the course usually practiced in our courts. All that is required, is, that the verdict should be rendered in open court, by the whole jury. The only convenient and proper form to do this, is that which is usually practiced in our superior and county courts ; but it does not follow, that there may not be other less convenient and less proper modes by which a verdict may be received. The case of *The King* v. *Wooller*, is rather an authority to show that it is to be presumed that the jury assent to a verdict rendered in their presence and hearing. It is very evident, that no new trial would have been advised in that case, had there been no reason to doubt whether the jury were so present in court as to be able to hear what passed : a part of the jury were in an adjoining room, and though the door was open, yet they could not all be seen by the judge, and it was impossible to say, that they could all hear what passed in court, when the verdict was rendered.

The defendant's motion in arrest was overruled, by the court, without finding it to be insufficient, in the usual form of finding the issue upon a demurrer. This is claimed to be erroneous. Whether it would be proper, upon a demur-

rer, to overrule an insufficient declaration or plea, we do not think it necessary to determine : and whether the term *overrule* is the most technically correct which could have been used, is very immaterial. No pleading, that is to say, no written answer, is required to be given to such a motion as this. As a general rule, courts discountenance special pleading upon interlocutory motions. Hence the usual answer to a motion in arrest, that it is not true, and if true, that it is insufficient, though obviously double, and therefore improper, in the case of a declaration or plea ; yet as it is a defect of form merely, and neither party can be injured by it, as perhaps might be the case, if permitted as an answer to a declaration, it has always been allowed as an answer to motions of this sort. It is seen from the facts stated in the motion, that they are wholly insufficient to arrest the judgment ; and the court disregard them—overrule the motion, and render the proper judgment. We see nothing objectionable in this. And we do not think there is any error in the judgment complained of ; and so we advise the superior court.

In this opinion the other Judges concurred.

Judgment affirmed.