ISAAC M. DEDERER, Appellant, v. PETER VOORHIES et al., as Commissioners, etc., Respondents.

The provision of the act of 1871 (§ 12, ch. 670, Laws of 1871) authorizing the making of a road in the county of Rockland, which empowers the commissioners to sell lands assessed for unpaid assessments, "in the same manner as the comptroller of the State is authorized to sell lands for the non-payment of assessments for taxes," does not make applicable

to sales under said act the provision of the statute (§ 65, chap. 427, Laws of 1855, as amended by chap. 209, Laws of 1860), which declares all conveyances by the comptroller upon such sales by him to be presumptive evidence of regularity.

Accordingly, *held,* that as there was no provision of said act of 1871 making an assessment under it when completed *prima facie* evidence of itself of regularity, and as one claiming under an assessment sale would be required to show the proceedings, and would thus develop any defects invalidating them, an action could not be maintained to set aside the assessment as a cloud on title because of any such defects.

In such an action it was alleged that a commissioner was appointed who was not a freeholder, and it was claimed that for this defect the suit was maintainable as it would not appear upon the face of the proceedings. *Held,* that the court by the appointment of the commissioner adjudged that he was a freeholder, and that this was final unless corrected by a direct proceeding for that purpose.

The complaint alleged various fraudulent acts and practices upon the part of the commissioners not appearing in the records, and material false and fraudulent statements in their reports. The complaint was demurred to. *Held,* that the demurrer was improperly sustained; that the frauds alleged would vitiate the proceedings; and that equity would relieve against the conveyance under them.

Also, *held,* that the act of 1874 (chap. 395, Laws of 1874) confirming the assessment and declaring it in all respects regular, did not apply to or cover fraud.

(Argued April 9, 1880 ; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendants entered upon an order sustaining a demurrer to the plaintiff's complaint herein.

This action was brought to vacate an assessment upon lands of the plaintiff for the construction of a road in Rockland county, laid out under the act, chapter 670, Laws of 1871, and to restrain the enforcement of the assessment.

The complaint alleged various defects in the proceedings and various fraudulent acts on the part of, and false reports made by, the commissioners appointed under said act ; these, so far as material, are set forth in the opinion.

*C. P. Hoffman* for appellant. The assessment complained of being the result of fraudulent acts and practices on the part

of defendants in their proceedings will be relieved against. (*People ex rel. Mann* v. *Mott*, 60 N. Y. 649 ; Willard's Eq. 145, 160, 164.) The assessment in question is a cloud upon plaintiff's title, which equity has jurisdiction to remove. (*Marsh* v. *City of Brooklyn*, 59 N. Y. 283 ; *Heywood* v. *City of Buffalo*, 14 id. 534, 541 ; *Hatch* v. *City of Buffalo*, 38 id. 276 ; *Crooke* v. *Andrews*, 40 id. 549 ; *Fonda* v. *Sage*, 48 id. 183 ; *Newell* v. *Wheeler*, id. 491, 492 ; *Hassan* v. *City of Rochester*, 65 id. 516 ; 67 id. 529, 536 ; *Guest* v. *City of Brooklyn*, 69 id. 514 ; *Peyser* v. *The Mayor, etc.*, 70 id. 502.) Plaintiff had a property in the awards, and a right and interest in the first estimates, of which he could only be divested by his voluntary act, or in a judicial proceeding on notice to him. (*People ex rel. Fountain* v. *Supt. Westchester Co.*, 4 Barb. 64 ; *Bloom* v. *Burdick*, 1 Hill, 130, 139 ; 15 Johns. 537 ; 20 Wend. 186 ; 19 Johns. 39 ; 15 id. 142 ; 4 Comst. 514 ; *Jewell* v. *Van Steenburgh*, 58 N. Y. 86 ; *Stuart* v. *Palmer*, 74 id. 184 ; *People* v. *Tallman*, 36 Barb. 222.) Plaintiff's suit was not premature. (*Fonda* v. *Sage*, 48 N. Y. 183 ; *Heywood* v. *City of Buffalo*, 14 id. 534, 541 ; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 id. 592 ; *Wood* v. *Seely*, 32 id. 114 ; *Merritt* v. *Village of Portchester*, 71 id. 309 ; *Boyle* v. *City of Brooklyn*, id. 1 ; *Scott* v. *Onderdonk*, 14 id. 9 ; *Guest* v. *City of Brooklyn*, 69 id. 506.) The "Validating Act" of 1874, ch. 365, did not and could not cure the defects complained of. (*Hassan* v. *City of Rochester*, 65 N. Y. 520 ; 67 id. 536-7 ; *In re Petition of Second Ave. Church*, 66 id. 395 ; *People* v. *City of Brooklyn*, 71 id. 495.) A general demurrer on the ground that the complaint does not state facts constituting a cause of action was not good. (*Wademan* v. *Albany, etc., R. R. Co.*, 51 N. Y. 568 ; *Mackey* v. *Auer*, 8 Hun, 180 ; sub. 5, § 488 ; Code Civ. Pro., § 490.)

*Samuel J. Crooks* for respondents. The facts stated in the complaint do not present any available grounds for the relief sought or for the interference of a court of equity. (*Mayor* v. *Meserole*, 26 Wend. 132 ; *Moore* v. *Smedley*, 6 Johns, Ch. 28; *Thatcher* v. *Dusenberry*, 9 How. Pr. 32; *Mace* v. *Trus-*

*tees of Newburg*, 15 id. 161 ; *Purdy* v. *Porter*, 29 N. Y. 106 ; *Hyatt* v. *Bates*, 40 id. 164 ; *Guest* v. *The City of Brooklyn*, 69 id. 506 ; 6 Johns. Ch. 28 ; 26 Wend. 132 ; 69 N. Y. 506.) The act of 1874 (ch. 395) confirmed the assessment and remitted plaintiffs to the remedies provided by the act of 1871, or to direct proceedings to correct the errors of the commissioners of awards, or to such remedies as exist in them, in case their rights of property are invaded. (*Mann* v. *City of Utica*, 44 How. Pr. 334 ; *Lennon* v. *The Mayor*, 55 N. Y. 361–367 ; *In re Van Antwerp*, 56 id. 261 ; *People* v. *The Mayor of the City of Brooklyn*, 4 Comst. 419 ; *Providence Bank* v. *Billings*, 4 Peters, 514.) In an equitable action to prevent a cloud upon title to lands, as well as to remove one, it must be made to appear that there is a determination to create the cloud. It is not sufficient that the danger is merely speculative. (*Sanders* v. *The Village of Yonkers*, 63 N. Y. 489 ; *Rathbone* v. *Hooney*, 58 id. 463–468 ; *Scott* v. *Onderdonk*, 14 id. 9 ; *Heywood* v. *City of Buffalo*, id. 538 ; *Hatch* v. *City of Buffalo*, 38 id. 276 ; *Allen* v. *City of Buffalo*, 39 id. 386 ; *Crooke* v. *Andrews*, 40 id. 547.)

MILLER, J. This action was brought to vacate an assessment for the construction of a road in the county of Rockland, which was laid out in pursuance of chapter 670 of the Laws of 1871, and to restrain the enforcement of such assessment. A demurrer was interposed, which was sustained at Special Term, a judgment entered thereon, which was affirmed at General Term, and an appeal taken to this court.

The rule applicable to actions to remove a cloud upon title has been the subject of frequent consideration in this court, and it is settled that to authorize the interposition of the court to remove the lien of an assessment as a cloud upon title, it must appear that the record or *proceedings are not void upon their face*, and that the claimant under it would not, by the proof which he would be obliged to produce in event of an attempt to enforce his claim, develop the defects rendering it invalid. (*Guest* v *The City of Brooklyn*, 69 N. Y. 506 ) The

proceedings in the case now considered were conducted under the provisions of chapter 670 of the Laws of 1871; and unless they were had in pursuance of its requirements, would be null and void. If a suit was instituted to enforce the assessment or a title acquired by virtue thereof, the defects or irregularities which would render them void would necessarily appear by the proof which would be required, and hence no case would be made out showing their validity. The party seeking the benefit of such a proceeding must establish that the statute has been strictly followed; and unless he does so he would fail to make out a case. This rule would be applicable to this case unless there is something contained in the provisions of the act in question which obviates the difficulty. The twelfth section of the act authorizes a sale of the lands assessed, "in the same manner as the comptroller of the State is authorized to sell lands for the non-payment of assessments for taxes," with certain exceptions not necessary to be stated, and confers power upon the commissioners "to convey said lands, and to do every act and thing which the comptroller is authorized by law to do on sales for non-payment of taxes." The act contains no provision which renders the conveyance made by the commissioners of any force as testimony, and hence it would seem that the proceedings with the conveyance, and not the conveyance alone, must constitute the evidence of the title acquired by virtue of the sale. By chapter 427, section 65 of the act of 1855, as amended by chapter 209, Laws of 1860, all conveyances of the comptroller are made presumptive evidence of regularity. We think that this is an independent provision and not incidental to any act which the comptroller is empowered to perform and was not adopted by the act of 1871. A conveyance, therefore, would have no such effect under the act of 1871, and unless the statutes have been followed, would be of no avail. It follows that as no provision in the act of 1871, making the assessment when completed *prima facie* evidence, of itself, of its regularity, and there is no allegation in the complaint that there is any record which makes it *prima facie* or presumptive evidence of any thing, an action to vacate the assessment, and remove it as a cloud upon

title, cannot be maintained. (*Sanders* v. *The Village of Yonkers*, 63 N. Y. 489, and cases cited.)

It is claimed that a notice was required to be given to the parties, according to the provisions of the Highway Act. If this was necessary, and the notice was not served, or service thereof waived, its omission would be made apparent upon the production of the proceedings.

In regard to the alleged appointment of a person who was not a freeholder a commissioner, which would not appear upon the face of the proceedings, it is a sufficient answer to say that the court, by the appointment of the commissioner, adjudged that he was such freeholder ; and this is final unless corrected by a direct proceeding for that purpose. (*Van Steenburgh* v. *Bigelow*, 3 Wend. 42.) It is not a jurisdictional defect on the face of the proceedings.

While the objections considered are not available, the allegations of fraudulent acts and practices contained in the complaint present a more serious question. It is averred that one set of commissioners of awards had been appointed and made out their report, and performed and discharged their duties, and afterward that the commissioners failed to act upon the awards made, and unlawfully and fraudulently concealed, suppressed and ignored said report, and afterward unlawfully and without notice procured other persons to be appointed, and that the record of the proceedings or the report do not show that the commissioners suppressed and ignored the same ; and it is also averred that such record falsely and fraudulently shows, and that it falsely and fraudulently appears, that all the proceedings of the last-named commissioners of awards were regular, as well as the proceedings of the commissioners to lay out said avenue. The fraudulent acts charged are not denied, as the interposition of a demurrer concedes that every thing contained in the pleadings is true.

Fraud vitiates all contracts and fraudulent proceedings ; and equity, as a general rule, will relieve against all deeds, writings and assurances, also against judgments and decrees which have been obtained by fraud and imposition. (Willard's Eq. Jur.

160.)   In cases where fraud is not penal, equity has concurrent jurisdiction with courts of law, as a general rule.   (Id. 145.)

These allegations do not cover the entire proceedings ; but as they do charge that the commissioners failed to act on the awards made, and a fraudulent and unlawful suppression of the report, and that they fraudulently procured the appointment of other commissioners of awards, and that the record falsely and fraudulently shows otherwise.   We think that they made out a cause of action in this respect, and the complaint should be upheld upon this ground.   The Validating Act (chap. 395, S. L. of 1874) confirms said assessment, and declares the same "lawful and in all respects regular, and to be enforced, notwithstanding any irregularity in form and substance in the making thereof."   This does not apply to or cover fraud, and cannot cure defects of this character.   On the ground last stated the judgment must be reversed and the demurrer overruled, with leave to the defendants to withdraw the demurrer and to answer on the usual terms

All concur.

Judgment accordingly.