In the Matter of the Application of SAMUEL D. BAKER et al., Respondents, to Lay Out a Highway in the Town of Fort Edward.

THE TOWN OF FORT EDWARD et al., Appellants.

HIGHWAYS — ORDER APPOINTING COMMISSIONERS UNDER SECTION 84, HIGHWAY LAW. Where a notice and petition in proceedings instituted under the Highway Law (L. 1890, ch. 568, § 84) to lay out a highway, states all of the facts required by the statute, the County Court has jurisdiction to make an order appointing commissioners, the effect of which is an adjudication that the persons appointed are eligible; the fact that it does not affirmatively appear in the order that such commissioners were "disinterested freeholders," residents of the town, but not of the county, which the statute requires them to be, is not a defect upon the face of the proceedings affecting the jurisdiction of the court.

*Matter of Baker*, 59 App. Div. 625, affirmed.

(Argued December 16, 1902; decided January 13, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 22, 1901, which affirmed an order of the Washington County Court confirming the report of commissioners in pro-

ceedings to lay out a highway and determine the damages that should be assessed therefor.

The facts, so far as material, are stated in the opinion.

*Lewis E. Carr, Edgar Hull* and *Willard Robinson* for appellants. The order appealed from should be reversed because it did not appear in the order appointing the commissioners or in the proceedings at any stage that the commissioners appointed were disinterested freeholders. That was a jurisdictional fact, and, not appearing, jurisdiction failed, and the action of the commissioners was a nullity. (L. 1890, ch. 568, § 84; *Matter of Houston St.,* 7 Hill, 175; *Frees* v. *Ford,* 6 N. Y. 176; *Judge* v. *Hall,* 5 Lans. 69; *Gilbert* v. *York,* 41 Hun, 594; *Thomas* v. *Harmon,* 122 N. Y. 84; *People* v. *Comrs. of Highways,* 27 Barb. 94; *People* v. *Williams,* 36 N. Y. 441; *Fitch* v. *Comrs. of Highways,* 22 Wend. 132.)

*Fred A. Bratt* and *John B. Conway* for respondents. The objection that it does not appear in the order appointing the commissioners or in the proceeding anywhere that the commissioners were disinterested freeholders is not well or seasonably taken. (*Matter of Southern Boulevard,* 3 Abb. [N. S.] 447; *Matter of Summit Ave.,* 35 Misc. Rep. 60; *Matter of Cooper,* 93 N. Y. 507; *Matter of Neville,* 17 N. Y. Supp. 774.)

HAIGHT, J. It is contended on behalf of the commissioners of highways that the order appealed from should be reversed, because it did not appear in the order appointing the commissioners or in the proceedings that the commissioners appointed were disinterested freeholders.

These proceedings were instituted by Samuel D. Baker and William E. Doig, who were residents of and liable to be assessed for highway labor in the town of Fort Edward, by first serving a written application upon the commissioners of highways of the town to alter and discontinue a highway,

describing it, and to lay out a new highway. This the highway commissioners neglected to do, and thereupon the applicants petitioned the County Court of Washington county to appoint commissioners pursuant to the provisions of section 84 of the Highway Law to determine the necessity of the proposed highway, and the uselessness of the highways proposed to be discontinued, and to assess the damages pursuant to the provisions of section 83 of the Highway Law. Thereupon the County Court made an order reciting the presentation of the petition, pursuant to section 83 of the Highway Law, praying for the appointment of commissioners, pursuant to section 84 of the law, and concluded by appointing three persons, naming them, commissioners, "for the purposes above described and in pursuance of the statute in such case made and provided, to hear, try and determine all questions involved and report thereon as required by law." Thereupon the commissioners so appointed took the oath of office prescribed by the Constitution and gave the notice required by the statute of the time and place for the hearing of the case. Upon such hearing the commissioners of highways of the town, with other persons, appeared and took part in the trial of the questions involved. A large amount of testimony was taken, and after the proofs were closed the commissioners made their report in favor of the petitioner, directing the laying out of the new highway and assessing the damages therefor. Application was then made on behalf of the petitioners to the County Court for a confirmation of the report, and upon such hearing the commissioners of highways, for the first time, raised the question that the record did not show that the commissioners were freeholders.

Section 84 of the Highway Law (L. 1890, ch. 568), so far as is material upon the question under consideration, provides as follows: "Upon the presentation of such petition, the county court shall appoint three disinterested freeholders, who shall not be named by any person interested in the proceedings, who shall be residents of the county, but not of the town wherein the highway is located, as commissioners to deter-

mine the questions mentioned in the last section." It will be observed that this provision of the statute does not prescribe the form of the order that shall be made or specify what it shall contain, but it does require that the appointment of commissioners shall be made by the court; that they shall not be named by any interested person and that they shall be disinterested freeholders and residents of the county, but not of the town in which the highway is sought to be laid out.

In *Matter of Beehler* (3 N. Y. S. R. 486–488) it is said: "The commissioners are to be selected by the court. The court in making its selection is required to select freeholders. No evidence is required to be presented to the court before the appointment is made showing who are or who are not freeholders, but the court must ascertain and determine this fact in its own way, and should it appoint any person not a freeholder, the appointment would be set aside and vacated upon motion when that fact was made to appear." The County Court is a court of limited jurisdiction, and in special proceedings, facts must affirmatively appear which give the court jurisdiction, and in the absence of such facts jurisdiction will not be presumed, as in the case of courts having general jurisdiction. (*Frees* v. *Ford*, 6 N. Y. 176.; *Thomas* v. *Harmon*, 122 N. Y. 84; *Gilbert* v. *York*, 111 N. Y. 544.)

In this case, as we have seen, the proceedings were instituted by a notice and a petition addressed to the County Court which stated all of the facts required by the statute. It, therefore, gave the County Court jurisdiction to make a proper order in the proceedings. It gave to the County Court jurisdiction of the persons and the subject-matter; and if the County Court thereafter made any mistake in reference to its subsequent proceedings, it was an irregularity not affecting the jurisdiction of the court. While no fact will be presumed which does not affirmatively appear giving the court jurisdiction, yet when facts affirmatively appear which do give the court jurisdiction, the judge presiding, like any other officer, will be presumed to have discharged his duty, unless it otherwise appears. The court was asked to appoint com-

missioners pursuant to the provisions of the statute. This the court undertook to do. The statutes required the commissioners to be disinterested freeholders, residents of the county, but not of the town. None of the parties interested were permitted to make any suggestion to the court as to the persons who should be appointed, and obviously no evidence could be presented by them as to the qualification of persons whom the court should name. The duty, therefore, devolved upon the judge to ascertain the qualification of the persons in his own way, as stated in *Matter of Beehler* (*supra*). When, therefore, the order was made naming the commissioners it was in effect an adjudication that the persons appointed were eligible under the provisions of the statute. If it should turn out that the court was mistaken in reference to the qualification of either of the commissioners, it would be an error which could be corrected when the fact was made to appear, and it was not a jurisdictional defect.

In *Raymond* v. *Bell* (18 Conn. 81) it is said: " When it is seen that there is such jurisdiction as will support the proceeding; and this appears upon the face of the record, as in this case, it will be intended that the proceedings were regular; and an inferior court is as much entitled to the benefit of the maxim, ' that all its acts are to be presumed to be rightly done,' as any other." (Brown on Jurisdiction, § 20a; 17 Am. & Eng. Ency. of Law [2d ed.], p. 1082; *Sheldon* v. *Wright*, 5 N. Y. 497; *Comstock* v. *Crawford*, 3 Wall. 396.)

In the case of *Dederer* v. *Voorhies* (81 N. Y. 153–158) the action was brought to vacate an assessment which had been levied for the laying out of a highway. The action was sought to be maintained upon the ground that there were defects in the proceedings, and one was that it did not appear that the commissioners appointed were freeholders. In reference to that alleged defect, this court in its opinion said: " In regard to the alleged appointment of a person who was not a freeholder a commissioner, *which would not appear upon the face of the proceedings*, it is a sufficient answer to say that the court, by the appointment of the commissioner, adjudged

that he was such freeholder, and this is final unless corrected by a direct proceeding for that purpose. ( *Van Steenbergh* v. *Bigelow*, 3 Wend. 42.) *It is not a jurisdictional defect on the face of the proceedings.*" This was the unanimous decision of this court in that case, and it completely disposes of the question which we now have under review.

The cases of *People ex rel. Ottman* v. *Comrs. of High-ways of the Town of Seward* (27 Barb. 94; affirmed, 30 N. Y. 470); *People ex rel. Dann* v. *Williams* (36 N. Y. 441); *Fitch* v. *Comrs. of Highways of Kirkland* (22 Wend. 132), relied upon by the appellant, have no application to the question under consideration. None of them were proceedings before the County Court, but were proceedings before the commissioners of highways and under a very different statute. Of course, when the commissioners are proceeding to lay out a highway on their own motion, or to remove an obstruction, and the statute expressly provides that it shall appear in the order filed by them "that all the commissioners of highways of the town met and deliberated on the subject embraced in such order, or were duly notified to attend a meeting of the commissioners, for the purpose of deliberating thereon," the proceedings are defective if all did not take part or have notice. The order was the first step in their proceeding. Neither one had jurisdiction to act without the other. Two had jurisdiction only in case the other had had notice to attend their meeting and deliberate with them upon the subject. Evidently these cases have no bearing upon the question of the jurisdiction of the County Court in a proceeding where the commissioners of highways had refused to act.

The commissioners of highways submitted no evidence to the court tending to show that the commissioners appointed were not disinterested freeholders as required by the statute. The objection made to the confirmation of the report of the commissioners rested solely upon the ground that it did not affirmatively appear that they were disinterested freeholders. No objection was taken to the commissioners at the time the

1903.] Peo. ex rel. N. Y. C., etc., R. R. Co. v. Knight. 255

N. Y. Rep.] Statement of case.

parties appeared before them at the trial of the questions involved. No objection was taken during the trial. The objection was reserved until after a long trial involving much expense, and was then made upon the application for the confirmation of the report. We think that even if there was a defect, it not being jurisdictional was deemed waived. In *Matter of N. Y., West Shore & Buffalo Ry. Co.* (35 Hun, 575) one of the commissioners appointed turned out not to be a freeholder. Bradley, J., in delivering the opinion, said: "But after jurisdiction is acquired such strict observance may be waived. The parties might dispense with the qualification of freeholder for the commissioner."

The order appealed from should be affirmed, without costs.

Parker, Ch. J., O'Brien and Cullen, JJ., concur; Gray and Bartlett, JJ., dissent; Werner, J., absent.

Order affirmed.