(81 App. Div. 318.)

## In re TRASK et al.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. HIGHWAYS—DISCONTINUANCE—COMMISSIONERS—QUALIFICATION.
   Highway Law (Laws 1890, p. 1193, c. 568) § 84, requires that the three commissioners appointed to determine the uselessness of a highway shall be disinterested freeholders. *Held* that, to be qualified, a commissioner must have been a freeholder at the time of his appointment, and the fact that he became one before the hearing of an application to vacate his appointment is insufficient.

Appeal from Special Term.

Application by Spencer Trask and another for the appointment of commissioners to determine the uselessness of a highway in the town of Saratoga Springs, and to assess damages in case it is determined that the highway is useless. From an order of the special term denying the application of one John M. Eddy, a taxpayer and a party to the proceeding, to remove Frank Jones as a commissioner, Eddy appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

John L. Henning, for appellant.

Edgar T. Brackett, for petitioners respondent.

LYON, J. The provisions of section 84 of the Highway Law (Laws 1890, p. 1193, c. 568) require that the three commissioners appointed to determine as to the uselessness of a highway shall be disinterested freeholders. It must be regarded as established by the papers presented to the court upon this appeal that Frank Jones was not a freeholder at the time of his appointment as commissioner, on October 18th, but that intermediate that date and the hearing of the application to vacate his appointment, on November 21st, he became a freeholder. The statutory requirement is that persons appointed be freeholders at the time of their appointment. Later becoming a freeholder does not validate the appointment of the commissioner. People v. Purdy, 154 N. Y. 439, 48 N. E. 821, 61 Am. St. Rep. 624. The appointment of a person not a freeholder will be vacated upon motion when that fact is made to appear. Matter of Beehler, 3 N. Y. State Rep. 486. Approved in Re Baker, 173 N. Y. 249, 65 N. E. 1100. Furthermore, we think that in view of the affidavits before the Special Term as to the possible interest of the

appointee, and without any reflection upon him, the application should have been granted. It is essential that a commissioner be able, without liability of embarrassment to himself, to act with entire freedom in the performance of his duties as such commissioner.

We think the court erred in denying the application to vacate the appointment of Frank Jones, and to appoint another person in his stead as commissioner. Order, so far as it denied application to vacate appointment of Frank Jones, reversed, with costs, and motion to vacate such appointment granted, with costs.

Order, so far as it denies application to vacate the appointment of Frank Jones as a commissioner, reversed, with $10 costs and disbursements, and motion to vacate said appointment granted, with $10 costs. All concur.