---

(88 App. Div. 529.)

MILLER v. QUINCY et al.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. FOREIGN CORPORATIONS—ACTION AGAINST OFFICERS FOR ACCOUNTING—RIGHT OF DIRECTOR TO BRING ACTION.

Code Civ. Proc. § 1782, providing that an action for an accounting may be brought against the officers of a corporation "by a creditor of the corporation, or by a trustee, director, manager, or other officer," etc., applies only to domestic corporations, and such an action will not lie thereunder by a director of a foreign corporation against its other directors.

Patterson and Hatch, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Theodore S. Miller, as director, etc., against Josiah Quincy, impleaded, etc. From an interlocutory judgment overruling the demurrer of defendant Quincy to the amended complaint, defendants appeal. Reversed.

For former opinion, see 78 App. Div. 331, 79 N. Y. Supp. 964.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Sumner B. Stiles, for appellants.

Frank P. Ufford, for respondent.

INGRAHAM, J. This action was before this court upon a former appeal from an interlocutory judgment overruling a demurrer

to the complaint, interposed by the defendants other than the present appellant. 78 App. Div. 331, 79 N. Y. Supp. 964. The demurrer in that case was upon the ground that there was a defect of parties plaintiff and defendant. The objection that the rights of a foreign corporation against its directors could not be enforced in an action brought by a director was not taken, and the only question discussed in the opinion was as to whether there was a defect of parties plaintiff or defendant. In this case the appellant demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action, and the sufficiency of this complaint is the question now to be determined.

The complaint alleges that the defendant the Honduras American Cattle Agricultural Company, a corporation organized under the laws of the state of West Virginia, does business in the state of New York, and has, and ever since its organization has had, its principal place of business and office for the transfer of stock in the county of New York; that on or about January 12, 1901, the plaintiff was duly elected to the office of director of said company, accepted said office, and has ever since continued to be a director thereof; that the defendants other than the corporation were, prior to September 20, 1898, duly elected to the office of directors of said company, and continued to be and to act as directors until May 16, 1899. There is no allegation that plaintiff is a stockholder, or that the corporation has refused to enforce this liability of its directors, or is now in control of the defendant. The complaint then alleges that a contract was entered into between the corporation and the firm of Berndes & Co., under which said firm paid to the corporation the sum of $25,000, to be held as a special or trust fund to be used as specified in the contract; that the defendants other than the corporation, intending to defraud the said company, its creditors and stockholders, and for the purpose of enriching themselves, and in violation of said agreement and their duty as such directors, paid out the said $25,000 in violation of said contract and of their duty as directors, and in violation of the law of the state of West Virginia under which the corporation was organized. And the complaint asks judgment that the defendants other than the corporation may be compelled to account for their official conduct in the management and disposition of the funds and property of said company, and that they may be compelled to pay to the said corporation, or to the receiver thereof that may be appointed in this action, the sum that may be found to be due from the said defendants upon such accounting, and any money and the value of any property which the said defendants have acquired to themselves or transferred to others, or lost or wasted by a violation of their duties as such directors and officers or otherwise, and that a receiver of the property be appointed.

The action is one allowed by subdivisions 1 and 2 of section 1781 of the Code of Civil Procedure, and is brought by the plaintiff, as a director, against the other directors of the corporation, under section 1782. These sections are contained in article 2, tit. 2, c. 15, of the Code, and the article is headed "Judicial Supervision of a Cor-

poration, and of the Officers and Members Thereof." Section 1781 provides that an action "may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires." Subdivision 1 provides for an action to compel the defendants to account for their official conduct in the management and disposition of the funds and property committed to their charge; subdivision 2, to compel the defendants to pay to the corporation which they represent, or to its creditors, any money and the value of any property which they have acquired to themselves, or transferred to others, or lost or wasted, by a violation of their duties; subdivision 3, to suspend a defendant from exercising his office where it appears that he has abused his trust; subdivision 4, to remove a defendant from his office upon proof or conviction of misconduct, and directing a new election to be held by the body or board duly authorized to hold the same, in order to supply the vacancy created by the removal; or, where there is no such body or board, or where all the members thereof are removed, directing the removal to be reported to the Governor, who may, with the advice and consent of the Senate, fill the vacancies; subdivision 5, to setting aside an alienation of property made by one or more trustees, directors, managers, or other officers of a corporation, contrary to a provision of law, or for a purpose foreign to the lawful business and objects of the corporation, where the alienee knew the purpose of the alienation; and subdivision 6, to restrain and prevent such an alienation where it is threatened. This section of the Code was taken from the Revised Statutes. Rev. St. (2d Ed.) part 3, marg. p. 462, c. 8, tit. 4, § 33. The article which contains that section is entitled "Of Proceedings against Corporations in Equity," and section 33 gives to the chancellor jurisdiction over officers, managers, and other trustees of corporations. This section of the Revised Statutes was made section 1781 of the Code of Civil Procedure without substantial change. Section 35 of the Revised Statutes was re-enacted, without substantial change, as section 1782 of the Code, and it has been held that sections 1781 and 1782 of the Code confer no broader authority to commence suits in behalf of the people than was conferred by the sections of the Revised Statutes. People v. Lowe, 117 N. Y. 175, 22 N. E. 1016. These sections of the Revised Statutes have been applied only to corporations organized under the laws of this state. In fact, in no case to which our attention has been called has it ever been claimed that these provisions apply to foreign corporations. Title 4, c. 8, pt. 3, of the Revised Statutes, relates to proceedings by and against corporations and public bodies, and article 1 provides for the maintenance by or against foreign corporations of actions at law in the courts of this state. Article 2 of the title applies to proceedings against corporations in equity. It is clear, I think, that this article relates solely to proceedings against domestic corporations.

Section 31, art. 2, provides that:

"Upon a bill being filed by the Attorney General in the Court of Chancery, the chancellor shall have power to restrain by injunction any corporation

from assuming or exercising any franchise, liberty or privilege, or transacting any business, not allowed by the charter of such corporation; and in the same manner, to restrain any individual from exercising any corporate rights, privileges or franchises, not granted to them by any law of this state."

Section 38 of the article was also intended to apply to domestic corporations, for it is there provided that:

"Whenever any incorporated company shall have remained insolvent for one whole year; or for one year shall have neglected or refused to pay and discharge its notes or other evidences of debt; or for one year shall have suspended the ordinary and lawful business of such corporation; it shall be deemed to have surrendered the rights, privileges and franchises granted by any act of incorporation, or acquired under the laws of this state, and shall be adjudged to be dissolved."

It is evident that neither the Legislature nor the courts of this state would have the power to dissolve a corporation organized under the laws of another state (Merrick v. Van Santvoord, 34 N. Y. 208–222); and the same may be said as to sections 39 and 45, which specify generally any corporation, but which were clearly intended to apply only to domestic corporations. Article 3 of the title provided for the voluntary dissolution of corporations, and, although its provisions of section 58 of the article are general, applying to any corporation, it is clear that the article could apply only to domestic corporations. Thus this whole title relates solely to domestic corporations, except so far as in article 1 a foreign corporation is expressly included; and the relief authorized by article 2 and the nature of the proceedings authorized would seem to establish conclusively that the provisions of the article relate to domestic corporations only; and this conclusion is enforced by the revisor's notes to this article. 5 Edm. Rev. St. pp. 484–485.

It has been suggested, however, that the effect of this statute was extended to foreign corporations by chapter 151, p. 421, of the Laws of 1870, re-enacted as sections 1809–1812 of the Code of Civil Procedure. That act is entitled "An Act to Regulate Proceedings against Corporations by Injunction and Otherwise." It does what the title of the act specifies—regulate the proceedings against corporations in equity, and restrain the court from granting injunctions removing directors and officers and appointing receivers except in civil actions upon proper notice. Section 5 provides that the provisions of the act "shall extend and apply to all corporations and joint stock associations, created or existing by the laws of this or of any other state or government, doing business within this state, or having a business or fiscal agency or an agency for the transfer of its stock therein, and to the directors, trustees, managers and other officers of such foreign corporations or joint stock associations." As there was no provision of this act which gave any cause of action against corporations, the provision that the act should apply to foreign corporations would not have the effect of authorizing actions against foreign corporations which were before unauthorized. Thus the fact that a receiver of the property of a corporation could be appointed in a civil action brought by the Attorney General for the dissolution of the copartnership would not be considered as authorizing the Attorney General to commence proceedings to dissolve a foreign corporation,

· for it is very evident that the courts of this state would have no power to decree the dissolution of such a corporation; and the provision that the court could appoint a receiver in a civil action specifically mentioned in title 4, c. 8, pt. 3, of the Revised Statutes, would not authorize the maintenance of any action therein mentioned against a foreign corporation.

The provisions of the act of 1870 were re-enacted as sections 1809 –1812 of the Code of Civil Procedure. Section 1812 is a re-enactment of subdivision 5, § 5, of the act of 1870, but it certainly was not intended to give to the Supreme Court of the state of New York jurisdiction to remove from office a trustee, director, or other officer of a foreign corporation, because section 1811 of the Code provided that a trustee, director, or other officer of the corporation should not be suspended or removed from office by a court or judge otherwise than by the final judgment of a competent court in an action brought by the Attorney General, as prescribed in section 1781 of the Code. There is nothing in either of the three sections which by section 1812 is made applicable to foreign corporations that gives a cause of action; these sections merely following the provisions of the act of 1870, restricting the court in certain actions against corporations generally, and these restrictions are made applicable by section 1812 to foreign as well as domestic corporations.

We think, therefore, that sections 1781 and 1782 of the Code apply only to domestic corporations, and that no action can be brought under the provisions of those sections against a foreign corporation; and, as the sole right of the plaintiff as a director of this foreign corporation to maintain this action depends upon the provisions of section 1782 of the Code, the objection taken by this defendant that no cause of action as against these defendants is alleged must be sustained.

The question here presented relates solely to the right of the plaintiff to maintain this action. The right of a foreign corporation to sue its defaulting directors or officers, or the right of a stockholder suing on behalf of himself and all other stockholders to enforce such a right on behalf of the corporation when it neglects and refuses to enforce it, is not presented. Such a cause of action existed before the Revised Statutes. Robinson v. Smith, 3 Paige, 222, 24 Am. Dec. 212. As the right of the plaintiff, as a director of the corporation, to maintain this action depends upon a statute which, we think, relates solely to domestic corporations, it follows that the action cannot be sustained.

The judgment appealed from should therefore be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to amend complaint upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

PATTERSON, J. I do not concur in the views expressed in the opinion of the majority of the court in this case. I agree with the general proposition that the courts of this state will not exercise

visitatorial power over foreign corporations, and that they have no disposition to interfere in the management of the affairs of such corporations. But when foreign corporations become domesticated in this jurisdiction they subject themselves to such constitutional statutory provisions as may exist relating to them. By the act of 1870, extending to foreign corporations the provisions of the Revised Statutes relating to judicial supervision of domestic corporations, which provisions are now included in the Code of Civil Procedure, the state of New York has made applicable to foreign corporations the remedies which were available to certain persons to prevent acts of spoliation by directors of corporations, and the perpetration of frauds, where such corporations carry on business within the state, or have within the state a business or a fiscal agency, or an agency for the transfer of stock. While every action authorized by section 1781 of the Code of Civil Procedure against a domestic corporation may not be available against a foreign corporation, some of them plainly are, namely, those arising under the first, second, fifth, and sixth subdivisions of that section. The courts of this state have not hesitated to entertain actions which relate to the acts of directors of foreign corporations, where such actions are brought by residents of the state. Such are Prouty v. Mich. Southern Ry., 1 Hun, 655, and Boardman v. Lake Shore & Mich. Southern Ry., 84 N. Y. 157. The present action is brought under subdivisions 1 and 2, § 1781, of the Code of Civil Procedure. If this were a suit by a stockholder, as such, the jurisdiction of the court would not be challenged. The reasons for its exercise are well stated by Cullen, J., in Ernst v. Rutherford & B. S. Gas Co., 38 App. Div. 392, 56 N. Y. Supp. 403. An action will be entertained in the courts of this state by a stockholder to prevent spoliation and the fraudulent disposition of property of a foreign corporation, where the directors are conspiring to do such acts within this state. Hallenborg v. Greene, 66 App. Div. 590, 73 N. Y. Supp. 403. Both of those cases in some degree relate to the internal management of a corporation and to the acts of the directors thereof. They indicate that under certain circumstances the courts of this state will, to prevent frauds upon stockholders or creditors, interfere with the management of foreign corporations; and it is to be observed that subdivision 1, § 1781, relates merely to compelling trustees, officers, or directors to account for official conduct in the management and disposition of the funds and property of corporations committed to their charge. It does not relate to any other subject. And subdivision 2 of the same section refers to compelling such trustees, officers, or directors to pay to the corporation which they represent, or to its creditors, any money and the value of any property which they have acquired to themselves or transferred to others, or lost or wasted, by a violation of their duties. If jurisdiction of the subject-matter exists, the question is as to the right of the plaintiff to sue as a director. The statute (section 1782, Code Civ. Proc.) designates the persons who may bring the action, and we see no reason why a resident director may not be authorized to enforce the remedy against those of his fellow directors who have perpetrated or intend to perpetrate acts which have result-

ed or may result in the diversion, waste, or fraudulent disposition of corporate property.

HATCH, J. I concur fully in the views of Mr. Justice PATTER-SON. While foreign corporations are not amenable to the visitatorial power of the courts of this state, yet those courts have not hesitated to compel directors of such corporations to perform acts directly relating to the management of their corporate affairs, such as the declaration of dividends. Boardman v. Lake Shore & Mich. Southern Ry., 84 N. Y. 157. It is obvious that in many cases, unless the courts of this state will interfere to prevent acts of waste and the fraudulent disposition of property of foreign corporations doing business within this state, stockholders and creditors of such corporations will be defrauded with impunity. It is well known that corporations organized under the laws of other states—notably of West Virginia and New Jersey—transact all their business in the city of New York, and never act within the territory of the states under the laws of which they are organized, unless it possibly may be to hold a merely formal annual meeting. Those corporations are essentially, with respect to everything except their formal creation, corporations of this state. Unless wrongs threatened or perpetrated by directors may be prevented or redressed in the courts of this state, stockholders and creditors are remediless. Sections 1781 and 1782 of the Code, so far as they may apply to foreign corporations under the provisions of sections 1809–1812 of the Code, furnish protection to creditors and stockholders; and section 1782 provides for a qualified plaintiff to institute proper and timely proceedings to prevent or to redress acts of rapine and fraud by officers or directors. Stockholders and creditors may not receive information in time to act effectively, while a director, trustee, manager, or other officer of a corporation may be able to act at once.

I think this demurrer should be overruled.