SPICER *against* SLADE.

SPICER
v.
SLADE.

IN ERROR, on *certiorari*, from a justice's court. *Slade* brought an action of debt against *Spicer*, in the court below, for the penalty of 25 dollars. The plaintiff declared that the defendant was the occupant of a certain piece of land in *Pittstown*, through, or by which a certain highway runs, and that the commissioners of highways of the town, under the 20th section of the act relative to highways, ordered the defendant to remove his fences, being on the same road, for an encroachment, so that the highway might be of the usual breadth; but that the defendant continued the same fence for sixty days after notice of the order of the commissioners to remove the same, and hath continued the same fence for fifty days since the expiration of the said sixty days, and still continues the same, whereby an action had accrued to the plaintiff to demand and have of the defendant fifty cents for every day the fence had continued, after the said sixty days, &c. The defendant pleaded *nil debet*. At the trial, before a jury, in *February*, 1811, it was proved, that on the 1st *July*, 1810, application was made to the commissioners of highways, in *Pittstown*, and a jury was summoned to ascertain whether there was any encroachment by the plaintiff, on the highway, between the house of the defendant and the *Hosick* line. The jury met on the 11th *July*, and found by their verdict, that there was an encroachment on the highway, by *Slade* and *Spicer*, which report or verdict the commissioners refused to accept, on the ground that the complaint to the commissioners was against *Slade* (the plaintiff) only. It was also proved, that the commissioners, on the 11th *July*, 1810, ordered *Spicer*, the defendant, to remove his fence, so as not to encroach on the highway; and that the encroachment by the defendant continued a long time afterwards, and down to the time of the trial, in *February*, 1811. One of the commissioners, a witness for the plaintiff, testified, that he attended with the jury, on the 11th *July*, and refused to receive their verdict, and that the defendant then confessed that he had encroached on the highway; and that he, as one of the commissioners, ordered the defendant to remove his fence, if he had encroached; and it appeared that the commissioners did on that day give the defendant notice of the encroachment, and order him to remove his fence. The jury found

To bring a person in default, for not obeying the order of the commissioners of highways, and render him liable for the penalties under the act to regulate *highways*, (sess. 24. c. 186.) for an *encroachment* on the highway, it is necessary that the commissioners should meet, deliberate and decide on the alleged encroachment, and give notice to the party to remove his fence in 60 days, which notice ought to state specially the breadth of the road originally intended, the extent of the encroachment, and the place or places where, so that the party may know how to obey the order for removing his fence.

a verdict for the plaintiff, for twenty-five dollars, on which the jus-tice gave judgment.

*R. M. Livingston,* for the plaintiff in error.

*Buel,* contra.

*Per Curiam.* Several objections have been taken to the re-covery below, which need not be noticed, since we perceive one which goes to the merits of the case. Before the party can be in default, and liable to the cumulative penalties given by the 20th section of the *act to regulate highways,* (sess. 24. c. 186.) the commissioners of highways of the town must have given him a previous notice or order of sixty days, to remove his fence. We are of opinion that the requisite order was not made in this case. The words of the statute are, " Where a highway has been laid out, and the same has been encroached upon by any present or former occupant of the land, through or by which such highway runs, the commissioners of the town shall, if in their opinion it be deemed necessary, order the fences to be removed, so that such highway may be of the breadth originally intended." If the removal be not made in sixty days after such notice given, the penal-ties attach. To perform this duty, the commissioners should all meet and deliberate together on the subject of the alleged en-croachment ; and then, if they, or a majority of them, should deem it necessary, they are to order the fence to be removed, so that such highway may be of the breadth originally intended. In this case, there does not appear to have been any such meeting, delibe-ration and decision, any further than what might be inferred from the fact that a witness heard one of the commissioners tell *Spicer* to remove his fence, that is, if he had encroached on the road or highway ; and another witness heard the commissioners order him to remove his fence, so as not to encroach upon the highway ; and a third heard them give him notice of the encroachment, and order him to remove his fence. This order or notice was not sufficiently precise and particular to satisfy the law, and bring the party into default. The breadth of the road originally intended, and the extent of the encroachment by the party upon that breadth, and the place or places where, ought to have been spe-cially stated, so that he might be able to obey the order, and know when he had performed his duty. The whole proceeding in this

case was extremely loose and uncertain; and the party ought not to be exposed to penalties, when the order or notice is stated so vaguely that he cannot ascertain from it, with any reasonable certainty, the situation or extent of his encroachment.