THE PEOPLE, ex rel. FLOYD DANN and Others, Appellants, v. ANDREW WILLIAMS, HENRY WIARD, and JOHN ABBEY, Commissioners of Highways of the Town of Avon, Respondents.

*Highway Commissioners—Order of two binding, when.*

The order of two highway commissioners for removing obstructions, &c., must show upon its face, that the third commissioner was present and participated in their deliberations in respect thereto; or that he was notified of such intended meeting, and of the particular subject upon which it was proposed to deliberate, or it is without authority.

APPEAL from the Supreme Court.—This was a common-law certiorari to review the proceedings of the Defendants for the removal of fences of the relators, which were alleged to be encroachments on the public highway. On the 6th of July, 1857, complaint was made by one of the relators that the fences on both sides encroached on the public highway. The commissioners took no action upon the matter that year, but on the 28th of May, 1858, two of them made an order that the highway should be opened to its alleged original width of four rods, and declared that they had made a resurvey defining its bounds. It does not appear upon the face of this order that the third commissioner was present, or that he was notified to be in attendance. On the 5th of June a second order was made by the same two commissioners, reciting, among other things, the fact that they made such resurvey on the 28th of May, and found that the fences of the relator Dann encroached on the south side of the highway, and that there were encroachments by the other relators, which were all particularly specified, and the order concluded as follows: "Now, therefore, we, two of the commissioners of highways of said town (all the commissioners of said town being notified and in attendance), do hereby order that the said fences be removed on to the line of the above-directed stakes, so that the said highway be open and unobstructed, and of the breadth originally intended, which was four rods." The relators claimed that these orders and the proceedings were without jurisdiction, as

the first order showed no action by the three commissioners, and
no notice to the absent commissioner; and as the second order,
though it recited that all the commissioners were in attendance,
did not show, in compliance with the requirement of the statute,
that all " deliberated on the subject embraced in the order."
The General Term of the Seventh District held otherwise, and
affirmed the proceedings of the commissioners.   No written opin-
ion was given in the Court below.

   *James L. Angle* and *William F. Cogswell* for Appellants.
   *Scott Lord* for Respondents.

   PORTER, J.—The orders were made by two of the commissioners,
without the concurrence of their associate in office.   They were
void, unless it appears upon their face that they were made in
conformity with the following provisions of the statute :  " Any
two commissioners of highways, of any town, may make any
order, in execution of the powers conferred in this title ; provided
it shall appear in the order filed by them, that all the commis-
sioners of highways of the town met and deliberated on the
subject embraced in such order, or were duly notified to attend a
meeting of the commissioners for the purpose of deliberating
thereon " (1 Revised Statutes, 525, § 125).   To satisfy the terms
of the proviso, it must appear on the face of the order, not only
that the third commissioner met with his associates, but that he
participated in their deliberations, even if he did not concur in
their conclusions ; or that he was notified, not only of the intended
meeting, but of the particular subject on which it was proposed
to deliberate.   The evident purpose of the provision was to se-
cure to parties whose rights might be affected by these summary
proceedings, a practical safeguard against unadvised and improvi-
dent action, and to establish a simple and uniform test of official
authority in cases of this description.   When the requirements
of the statute are complied with, they raise a presumption of
jurisdiction, which can only be repelled by clear and affirmative
proof that the recitals are false.   When those requirements are
disregarded, an order made by two of the commissioners has no

legal validity or force (Marble *v.* Whitney, 28 New York, 297, 304; People *v.* Hynds, 30 New York, 470, 472).

The Respondents rely on the authority of a case in the Seventh District, where a majority of the Court arrived at a different conclusion, on the erroneous assumption that the common-law rule in relation to the execution of a power of a public nature by a majority of those intrusted with it, is applicable to a case where the authority is conferred conditionally, and where the mode in which it is to be exercised is specifically defined by statute (Tucker *v.* Rankin, 15 Barbour, 476; 2 R. S. 555, § 27). The decision is in conflict with previous and subsequent adjudications of the Court in which it was pronounced, and it has since been substantially overruled in this Court.

In the case of Fitch *v.* The Commissioners of Kirkland, there was a recital in the order made by two of the commissioners, that the third, "having been duly notified, did not attend." The Court said : " This differs from the words of the statute, which gives the form. The recital stops with saying he was duly notified ; it does not add for what purpose. The statute requires that the notice should be given *for the purpose of deliberating on the subject of the specified encroachment,* or other subject, whatever it may be ; and that the order shall expressly state the purpose of the notice. Here non constat that any purpose whatever was intimated to Grummond. The notice might have been a mere naked request. When a statute prescribes the form, the very words of an order, or other summary proceeding, those words must be used, at least so far as they can be applied to the nature and exigency of the particular proceeding" (22 Wendell, 132, 135). In the case of Stewart *v.* Wallis, an omission to comply with the requirements of the proviso was held fatal to an order made by two of the commissioners. In assigning the reasons of the Court for concurring in the doctrine of the case last cited, and disapproving the decision in Tucker *v.* Rankin, Judge Allen said : " The legislature made special provision for this case, and thereby took it out of the common law rule applicable to similar cases, as that rule was embodied in the Revised Statutes. They did this

by allowing two to act in certain cases, although all of the commissioners should not meet, which was not allowed at common law or by the general statute, and by prescribing the form of the order in every case in which all the commissioners should not concur. They have prescribed the case in which, and the condition upon which, the order shall be valid, and of course have excluded every other case, and said that in no other case shall the order be valid" (30 Barbour, 347). In the case of The People *v.* Hynds, the order made by two of the commissioners did not show upon its face, either that the third commissioner was notified of the meeting and its particular purpose, or that he attended and participated in the deliberations of his associates ; but they claimed the right to supply the defect by proof that he, in fact, took part in their deliberations, and was present when the order was made. This Court concurred with the Court below in holding the omission to be fatal, and reaffirmed the proposition, settled by previous adjudications, that "the statute was intended to make an absolute and universal rule for cases of this kind, and to prevent any presumptions whatever" (30 New York, 470, 472 ; S. C., 27 Barbour, 94, 99, Hogeboom, J.). These authorities are decisive as to the invalidity of the proceedings now under review. The failure in the later orders to comply with one of the requirements of the statute is as fatal as the omission in the first to comply with either. The proceedings cannot be upheld on the remaining ground urged by the Respondents. The denial of the alleged encroachment by the parties aggrieved, did not impart validity to orders void upon their face ; nor did the misdescription of them by the relators estop them from claiming that the officers by whom they were signed had no jurisdiction to make them.

The judgment of the Supreme Court should be reversed, with costs, and the proceedings of the commissioners should be vacated.

All the Judges concurring, except Judges SCRUGHAM and GROVER, who expressed no opinion.

Judgment accordingly.

JOEL TIFFANY,
State Reporter.