HENRY R. CHRISTY and others, Commissioners of Highways of the town of Hanover, *vs.* SAMUEL NEWTON.

Highway commissioners are not authorized to make any order for the removal of encroachments, except in the case of a highway laid out according to the statute.

Unless the highway has been laid out and recorded in conformity with the statute, there can be no proceeding by the commissioners of highways for an encroachment.

Nor will an action lie, in such a case, by the commissioners, to recover the penalties given by statute for neglecting to remove alleged encroachments on the highway, in obedience to the order of the commissioners.

Where an order, purporting to be made by commissioners of highways, was signed by two of them, only, and it did not appear from it that the other commissioner was notified to attend, or had any knowledge of the proceeding; nor was there anything to show that any preliminary steps, such as the statute requires, had been taken; *Held* that the order was a nullity.

An order signed by two commissioners of highways, recited that all the commissioners had been notified to attend a meeting for the purpose of deliberating upon an application " to establish the old Allegany road as a public highway;" *Held* that no such proceeding as that being authorized by the statute, the public could acquire no rights under it.

A highway, opened and worked for a short part of the distance, only, and not opened or worked, as described in the survey, or in any manner, on a particular portion thereof, until after the lapse of nearly fourteen years, from the time of its being laid out, ceases to be a highway for any purpose, at the place where it is not opened or worked.

APPEAL by the plaintiffs from a judgment entered upon the report of a referee.

This action was brought by the plaintiffs, in their official capacity, to recover the penalty inflicted by statute, for a failure by the defendant to remove his fences, alleged to be encroachments upon a public highway. The fences in question are located on or near the easterly line of a highway called the Allegany road, in the town of Hanover, Chautauqua county, on or near the westerly boundaries of lots Nos. 27 and 31, belonging to the defendant, and forming a part of what is known as the Cattaraugus Village Plot. No serious question was raised as to the form

or fact of the order, or of notice or service thereof upon the defendant, made by the commissioner, and it was assumed as established that such order, notice and service were made, and were formal, and upon their face regular and valid.

The whole of this and the adjacent territory were originally owned by the Holland Land Company, who, in making their survey, designated a strip of land six rods wide, and running through this plot, as a highway, and both in the survey itself, and in their subsequent conveyance, bounded the lots, both on the easterly and westerly sides, by the westerly and easterly lines of the six rod strip. At a point about midway on the westerly line of lot No. 31, this strip, which to that point ran a course of north 24 degrees west, made an angle of two degrees, and was from that point north 22 degrees west on a straight line to the lake, passing lot No. 27. At an early day, and so far as appeared, without any statutory proceedings in that behalf, a way was opened, worked and used by the public from a point near or at the point of this angle, and ran south 24 degrees east, of the width of about four rods, substantially within the boundaries of the six rod strip, and called the Allegany road.

On the 28th day of June, 1830, a document was recorded in the office of the town clerk, of which the following is a copy : " Survey of the Allegany road. Beginning in the center thereof between the northwest corner of lot No. 31, and the northeast corner of lot No. 32, of the Cattaraugus village lots, running south 23 degrees 10 minutes east 59 chains, to a point equidistant between the northwest corner of lot No. 37 and the northeast corner of lot No. 38, thence south 23 degrees 10 minutes east 47 chains, to the south boundary of the village lot aforesaid, equidistant between the southeast corner of lot No. 40 and the

southwest corner of lot No. 41, laid out four rods wide and bounded by stakes at the several corners of lots.

H. P. BENTON, Surveyor.

> . JOHN MACK, ⎫· Commisioners
> R. B. SMITH, ⎭ of Highways.

Recorded June 28, 1830.  Dated June 28, 1830."

There was no evidence that this survey was the result of any statutory proceedings, or that it was followed by any action on the part either of individuals or the public authorities.

In 1836, the defendant purchased lots Nos. 27 and 31, built a house near the southwest corner of the latter lot, and has resided there from 1838 until the present time. He began clearing up and improving this lot, built a fence on what he claimed as the westerly line of the lot, and cultivated the land up to the fence. In 1852 he planted an orchard on the westerly side of the lot, and has used that part of the lot as an orchard ever since. The fence, though several times renewed, stands now, substantially, where he first placed it, and is within a very few feet of the westerly row of fruit trees in the orchard.

On the 5th day of September, 1840, the commissioners of highways made an order, without taking any preliminary steps, which, after reciting that they met for the purpose of making the order, and upon application, to establish "the old Allegany road as a public highway," declared that a public highway was thereby ordered, laid out and established, pursuant to said application, according to the following survey, to wit: "Beginning at the center of what is called 'Ellicott square,' in the original survey of Cattaraugus village, thence south 22 degrees east two miles, 50 chains and 75 links, to the south line of the Cattaraugus village plot; thence, &c." The order further provided that the road then established or laid out, was to be six rods wide through that plot. This line embraced no angle, and, though it coincided, probably, with the center line of the

Christy v. Newton.

six rod strip, designated by the Holland Land Company, to the angle referred to, would, of course, deflect from the center line of that strip at the point of the angle. No proceedings were taken to open or work the road on this line, or on any line northerly from the angle, until 1854, when, under the direction of the commissioner, one Sackett ran a survey from the northerly termination of the road as it had been used, past lot No. 27, and on a straight line from the lake. This survey was recorded in the town clerk's office, and the following is a record, viz:

"Minutes and survey of Allegany road. Survey of a road made August 5th, 1854, for the town of Hanover. Beginning in the center of a road that leads from Irving to Hanover Center, at a point nearly opposite to Samuel Newton's, where the road from Smith's Mills intersects the former, thence north 22 degrees west 172 chains, to the lake.

J. J. SACKETT, Surveyor.

C. J. BABCOCK, } Coms. of Highways.
S. M. BALL,    }

August 15th, 1854."

No other record or paper proceedings was made or had in connection with, or preliminary to, or following, this survey, but by the apparent acquiescence of the adjoining proprietors the commissioners of highways opened and worked a road four rods wide upon the line then run, as a center line, and the adjoining proprietors erected fences upon the boundary lines of the four rod strip. This strip was within the limits of the six rod strip designated by the Holland Land Company. The road then opened and worked has been maintained and used ever since, and the fences on its boundary, including that opposite lot No. 27, have been continued as they were originally located, from that day to this.

The referee reported that the defendant was entitled to

a judgmeht dismissing the complaint, with costs ; and judgment was entered accordingly.

*Julius A. Parsons*, for the appellants.

*Murray & Pattison*, for the respondent.

*By the Court*, JOHNSON, J. This action was brought to recover the penalties given by statute for neglecting to remove alleged encroachments on a highway, in obedience to the order of the plaintiffs as commissioners of highways. (1 *R. S.* 522, § 104.)

The referee has found, upon the evidence, that the highway in question was never a laid out highway according to the provisions of the statute. If this is so, this action cannot be maintained. Highway commissioners are not authorized to make any order for the removal of encroachments, except in the case of a highway laid out according to the statute. (1 *R. S.* 521, § 103.)

Unless the highway has been laid out and recorded in conformity with the statute, there can be no proceedings by the commissioners of highways for an encroachment. (*Doughty* v. *Brill*, 36 *Barb.* 488.) It is very clear from the evidence, that the highway in question was never laid out in pursuance of the provisions of the statute.

The order of the 28th of June, 1830, is signed by two of the commissioners, only, and it does not appear from it that the other commissioner was notified to attend, or had any knowledge of the proceedings. Nor is there anything to show that any preliminary steps, such as the statute requires, had been taken. That order is therefore a nullity. (*The People* v. *Williams*, 36 *N. Y.* 441.)

The other order, of September 5th, 1840, signed by two of the commissioners, which recites that all the commissioners had been notified to attend for the purpose of deliberating on the subject of the order, is upon a subject

Christy *v.* Newton.

wholly unknown to the statute. The subject of that meeting, for deliberation, was, as appears on the face of the order, upon an application " to establish the old Allegany road as a public highway." No such proceeding as this is authorized by the statute, and the public could acquire no rights under it. But even if this had been a valid order to lay out a highway, the highway was not opened or worked, as described in the survey, or in any manner, on that portion of it where the premises in question are situated, until after the lapse of nearly fourteen years. It was opened and worked for a short portion of the distance only. It had therefore ceased to be a highway for any purpose, at the place in question, even if it had been lawfully laid out originally. (1 *R. S.* 520, § 99.) Another survey seems to have been made under the directions of two of the commissioners of highways, of this Allegany road, in 1854, but nothing is claimed on the part of the plaintiffs by reason of that survey.

The road in question never having been regularly laid out as a highway, no right of action ever accrued to the plaintiffs by reason of the refusal of the defendant to comply with their order. The judgment is right, and must be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, September 4, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]