BAYLES *et al.*, Commissioners, Etc., *v.* ROE.

(*Supreme Court, General Term, Second Department.* May 18, 1889.)

HIGHWAYS—OBSTRUCTION.

Rev. St. N. Y. p. 521, §§ 102, 103, 105, as amended by Laws 1878, c. 245, which provides that if a highway, either laid out and entered of record, or used by the public for 20 years or more, shall be obstructed in any manner, or encroached upon by fences or otherwise, the commissioners of highways may order such obstruction or encroachment removed, and other sections which provide a penalty for failure to comply with such order, allows an action for such penalty when the road has not been technically laid out, but has been used by the public as a road for 20 years, the former rule in that particular being changed by the amendatory act mentioned.

Appeal from circuit court, Suffolk county.

Action by David T. Bayles and others, commissioners of highways of the town of Brookhaven, against Austin Roe, to recover a penalty for the obstruction of a road. Judgment for plaintiffs, and defendant appeals. The action was brought under Rev. St. N. Y. p. 521, § 103, as amended by Laws N. Y. 1878, c. 245, which provides that when a highway which has been laid out and entered of record, or which has, if not so recorded, been used by the public as a road for 20 years, shall be obstructed or encroached upon, by fences or otherwise, the commissioners of highways may require the removal of such obstructions. Other sections provide for a penalty to be recovered of the person causing the obstruction, etc., in case he shall not comply with such requirement.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wilmot M. Smith*, for appellant. *Charles R. Smith*, for respondents.

BARNARD, P. J. The old rule that a road must be technically laid out to permit an action for an obstruction or infringement of a highway was abrogated by chapter 245, Laws 1878. All highways, whether laid out or used

as highways for 20 years, are subject to the penalty. The rule laid down in *Peckham* v. *Henderson*, 27 Barb. 207, that an encroachment not amounting to an obstruction cannot be abated as a public nuisance, is not in harmony with *Driggs* v. *Phillips*, 103 N. Y. 79, 8 N. E. Rep. 514. The commissioners in this case are held to have jurisdiction over the whole highway, over "the whole width of the highway, as established, and each part of it." The obstruction was claimed to be a fence, and the issue of fact was fairly tried. The whole issue centered in the place where a locust post was fixed as a starting-point on the south side of the Coram road. The evidence was conflicting. The record of the road called for a point 262 feet from the southeast corner of the Congregational church. The defendant gave evidence tending to show that the true starting-point was a cannon planted in a line with defendant's fences. The jury found in favor of the true point of beginning, being the one called for by the church corner. No question was made upon the trial as to the building beyond the testimony that it was put in the road by one Smith without authority. He was told to put it in the corner of the Coram and Canaan roads, and he put it beyond. The land was then leased by defendant's son, and has been ever since, at a yearly rent. With the finding of an encroachment as to the fence, this building is also an encroachment. The fence is alone sufficient to uphold the verdict. No question is made as to the sufficiency of these orders declaring the encroachment and of the notices to remove the same, nor of the refusal of the defendant so to do. The judgment should therefore be affirmed, with costs. All concur.