TOWN OF SARDINIA, Respondent, *v.* DAVID BUTLER, Appellant.

1. HIGHWAYS — REQUISITES OF NOTICE TO REMOVE ENCROACHMENT — LAWS OF 1890, CHAP. 568, § 105. To constitute a sufficient notice by a commissioner of highways of an obstruction or encroachment upon a highway, to create a liability for the penalty provided in case of neglect or refusal to remove the same, under the statute (Laws of 1890, chap. 568, § 105), which requires such notice to specify "the extent and location of such obstruction or encroachment," the notice must be so precise and explicit as to enable the person upon whom it is served to fix the place and extent of the obstruction or encroachment without doubt or uncertainty.

2. INSUFFICIENT NOTICE TO REMOVE ENCROACHMENT UPON HIGHWAY. A notice by a highway commissioner to remove an encroachment upon a highway, which, after stating, in substance, that the highway commissioner has ascertained that the highway in question is encroached upon on the north side upon the land of the person served, by a fence erected by such person, which forms a part of the inclosure of his land, and that the commissioner has caused a survey to be made and ascertained the northerly bounds thereof, proceeds as follows: "And that said fence or fences encroaches upon said highway along the whole of your said land to the westerly line thereof at different distances, ranging from seven feet four inches to fifteen feet (as more particularly appears by reference to a map thereof now in my possession, and which you are at liberty to inspect at any time), and that all the narrow strip or piece of land which lies under said fence or fences, and between said fence or fences and the northerly line of said highway, is a part of the public highway aforesaid" — does not specify the extent and location of the encroachment with sufficient precision and explicitness to satisfy the requirements of the statute of 1890.

*Town of Sardinia* v. *Butler*, 78 Hun, 527, reversed.

(Argued April 23, 1896; decided May 26, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 20, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

In November, 1892, the plaintiff commenced an action against the defendant in a Justice's Court before Willis G. Clark, Esq., a justice of the peace in and for the town of

64

Concord, Erie county, N. Y., to recover the penalty provided by section 105 of chapter 568 of the Laws of 1890, for the defendant's neglect or refusal to remove an alleged encroachment upon one of the highways of that town. Upon the return of the summons the defendant filed an answer setting forth facts showing that the title to real property would come in question, and gave the undertaking required by section 2952 of the Code of Civil Procedure, thereby discontinuing that action.

Subsequently and in the following month this action was commenced in the Supreme Court for the same cause of action. The defendant's answer consisted of a general denial and of affirmative allegations to the effect that the land upon which the alleged encroachment existed was no part of any public highway, but belonged to the defendant free from any easement or right of way over it in the plaintiff or any other person or municipal corporation.

The issue thus joined came on for trial before the Supreme Court at the Erie Circuit, May 22, 1893, and resulted in a verdict for the plaintiff for twenty-five dollars. A judgment was entered thereon for $25 damages and $128.55 costs August 22, 1893. From that judgment the defendant appealed to the General Term of the fifth department, where it was affirmed, and the judgment of affirmance, with $97.47 costs, was entered June 21, 1894. From that judgment the defendant appealed to this court.

The highway upon which it is alleged that the appellant's fence encroached was laid out in July, 1822, and was three rods in width. The farm on the north side of the highway was purchased by the appellant in 1866, at which time there was an old and crooked fence between the farm and roadway. In the following spring he re-built and straightened it to some extent, and it remained as thus re-built until 1882, when the then commissioner of highways caused a survey to be made, and stakes were driven along the entire line of the appellant's land to indicate the north line of such highway. Afterwards the appellant made his fence conform substantially to the line

thus established, except that he erected it north and beyond the north line of the highway as thus indicated. He subsequently built a wire fence along the highway on the westerly portion of his farm. It was located in the center of the strip of land upon which the rail fence formerly stood.

On the trial, after the plaintiff had opened the case, the defendant's counsel moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and specifically on the ground of the insufficiency of the notice served upon him to remove his fence. The defendant's counsel then stated to the court that the defendant could not, from the notice, ascertain where he was to put the fence, or what he was to remove, and consequently the penalty was not incurred. This motion was denied and the defendant's counsel duly excepted. At the close of the plaintiff's evidence the defendant moved for a nonsuit on the ground that the plaintiff had failed to make out a cause of action, and that no proper notice had been served upon him to remove the fence, and no proper steps taken to charge him with a penalty. This motion was also denied and an exception taken. At the close of the whole evidence the defendant asked the court to direct a verdict for the defendant upon the ground that under the evidence as it then stood the defendant was not liable for the penalty sought to be recovered, as there had been no encroachment shown. That motion was likewise denied and an exception taken by the defendant.

*D. S. Alexander* for appellant. The notice served upon defendant to remove his fences is incurably defective, because of the want of sufficient precision and certainty in describing the particulars of the encroachment complained of. (Laws of 1890, chap. 568, § 105; *Talmage* v. *Huntting*, 29 N. Y. 448; *Flood* v. *Van Wormer*, 70 Hun, 417; *Hathaway* v. *Jenks*, 67 Hun, 291; *Cook* v. *Covil*, 18 Hun, 288; *Mott* v. *Comrs. of Rush*, 2 Hill, 472; *Fitch* v. *Comrs. of Kirkland*, 22 Wend. 132; 1 R. S. [2d ed.] 517, § 107; Laws of 1890, chap. 568, § 105.)

*Willard H. Ticknor* for respondent. The notice served fully complies with the statute. The location and extent of the encroachment are fully stated. The defendant well knew the location of the original fence. (*James* v. *Sammis*, 132 N. Y. 239; *Hathaway* v. *Jenks*, 67 Hun, 292.) The defendant had encroached upon the highway, as stated in the notice. (Angell on Highways [3d ed.], 183; *Cleveland* v. *Cleveland*, 12 Wend. 172.) The acquiescence on the part of the highway officials of the town in the occupation of a portion of the highway by an individual, will not deprive the public of its rights. (*City of Cohoes* v. *D. & H. C. Co.*, 134 N. Y. 397; *Driggs* v. *Phillips*, 103 N. Y. 77.)

Martin, J. With our view of this case, the single question which need be considered in determining this appeal is whether the notice served upon the appellant directing him to remove his fence was sufficient.

The statute providing for such notice and the penalty for not complying with it as it now stands, and stood at the time this notice was given, is as follows: " The commissioners of highways shall serve upon the owner or occupant of lands adjoining that part of a highway within their town, in which any obstruction or encroachment may exist, a notice specifying the extent and location of such obstruction or encroachment, and directing such owner or occupant to remove the same within a specified time; not more than sixty days after the service of the notice. If such owner or occupant shall neglect or refuse to remove such obstruction or encroachment within such time, he shall forfeit to the town the sum of twenty-five dollars." (Laws 1890, chap. 568, § 105.)

The notice served upon the appellant was to the effect that the highway commissioner had ascertained that the highway in question was encroached upon on the north side upon appellant's land by a fence erected by him, or some former occupant, which formed a part of the inclosure of his land ; that the commissioner had caused a survey to be made, and ascertained the northerly bounds thereof, " and that said fence or

fences encroaches upon said highway along the whole of your said land to the westerly line thereof at different distances, ranging from seven feet four inches to fifteen feet (as more particularly appears by reference to a map thereof now in my possession, and which you are at liberty to inspect at any time), and that all the narrow strip or piece of land which lies under said fence or fences, and between said fence or fences and the northerly line of said highway, is a part of the public highway aforesaid. Now, therefore, in pursuance of the statute in such cases made and provided, I hereby direct and require you to remove said fence within twenty days after the service of this notice."

The appellant challenges the sufficiency of this notice upon the ground that it was defective in not describing the particulars of the encroachment with sufficient precision and certainty. In the case of *Spicer* v. *Slade* (9 Johns. 359), which was an action brought under the statute (Laws 1801, ch. 186, § 26) to recover a penalty for not obeying the order of the commissioners of highways to remove a fence which was an encroachment upon the highway, it was held that a notice given to the party to remove his fence should state specifically the breadth of the road originally intended, the extent of the encroachment by the party upon that breadth and the place or places where the encroachment existed. When that case was decided there was no provision in the statute requiring those particulars to be specified in the notice, and, yet, it was held that it should contain them for the reason that a party ought not to be exposed to a penalty where a notice was so vague that he could not ascertain from it with reasonable certainty the situation or extent of his encroachment.

In *Fitch* v. *Commissioners of Highways of Kirkland* (22 Wend. 132), which was a certiorari to review the action of highway commissioners in a proceeding to remove an encroachment where it was denied and the matter was tried before a jury, which certified that Fitch had encroached upon the highway by fences, " beginning at the south line of his farm on the highway ; running northerly on the line of said

highway to the north line of his farm on said highway, according to the last survey of Gaius Butler," it was held that the certificate of .the jury was insufficient; that such a certificate was intended to be a guide to the party who was convicted of the encroachment, to which he was to conform in removing it, and which must, in the words of the statute, " state the particulars of the encroachment," and that the reference to the survey made by Butler did not render it sufficient.

In *Mott* v. *Commissioners of Highways of Rush* (2 Hill, 472) an order was made by the commissioners which stated that the fence directed to be removed commenced at a stake in the center of the highway running through Mott's land, about sixteen rods south of John Bell's barn, " thence running north, on the west side of the said highway the distance of about eighty rods to a certain stake at said Mott's north line (according to the late survey of James Sperry) and the average width of one rod or upwards — and that the said highway was originally intended to be of the width of four rods," and then concluded with an order that the fence be removed. Afterwards notice was given by the commissioners to remove the fence within sixty days, and in the notice the encroachment was described as in the order, except that no reference was made to Sperry's survey. As the statute then stood (1 R. S. 517, § 107, 2d ed.), it declared that " every such order and notice shall specify the breadth of the road originally intended, the extent of the encroachment, and the place or places in which the same shall be." In that case both the notice and the order were held insufficient, and NELSON, J., in delivering the opinion of the court, said : " An incurable defect in the proceedings before us lies in the want of sufficient precision and certainty in describing the particulars of the encroachment complained of in the order and notice served upon the occupant. The statute is very explicit in this respect, and for a very obvious reason, viz., to enable the party, if he sees fit, to comply with the order at once. The description should be full and precise, so as to fix the place and extent of the encroachment beyond all doubt or embarrassment to the occupant;

for a heavy penalty is annexed in case of refusal to comply." After having stated that the notice and order were insufficient because the breadth of the encroachment was described as one rod or upwards, leaving the line to which the fence was to be removed altogether indefinite, and also because the notice directed that the fence should be removed so that the highway might be of the breadth originally intended, without specifying what that breadth was, he adds: "The burden is thus thrown upon the occupant to ascertain this at his peril, and make the removal accordingly. But the statute places him in no such embarrassment; for that directs, not only that the extent of the encroachment and the place or places where it exists, shall be specified in the notice, but also the breadth of the road as originally intended. The commissioners are thus required to put the party in possession of all the particulars of the encroachment necessary to enable him to go upon the ground where it is alleged to exist, and remove it at once. They are to ascertain the original width of the road, the place and extent of the encroachment, and must specify and limit the same in a way that can be easily and readily comprehended by the occupant." The case of *Cook* v. *Covil* (18 Hun, 288) is to the same effect.

An examination of the authorities bearing upon this question discloses that since 1812 the courts of the state have uniformly held both independently of any statute and under the statutes which have heretofore existed, that a notice or order requiring the removal of such an encroachment must contain a precise and certain description of the particulars of the encroachment to such an extent, at least, as will enable the party upon whom it is served to go upon the ground and fix the place and extent of the encroachment with certainty and without embarrassment. That such was the purpose of the statute under which the notice in this case was given, there can be little doubt. It provides that it shall specify the extent and location of the encroachment. When the extent of such encroachment is definitely specified, and the location is clearly described, then, and not until then, are the purpose and intent of the statute complied with.

The contention of the respondent that the language of the statute of 1890 differs from the provision in the former statute, while true, has but little force. The former statute required that the notice should specify the breadth of the road originally intended, the extent of the encroachment, and the place or places in which the same shall be. While the statute of 1890 omitted the requirement as to the breadth of the road, and, to some extent, employed different language in its provision as to what other matters of description the notice should contain, yet the word " extent" is used in both statutes, and the word "location" is substituted instead of the words "place or places in which the same shall be." As it would be practically impossible to specify the location of a fence without specifying the place or places where it stood, it is apparent, we think, that no such change in the statute was contemplated as would render a notice sufficient which did not definitely describe such place or places.

As we have already seen, it has been the policy of the law in this state, since its organization, to require a notice of this character to be so precise and explicit as to enable the person upon whom it was served to fix the place and extent of the encroachment without doubt or uncertainty. That the change in the phraseology of the statute of 1890 was intended to effect any essential change in the rule which has been so long established, and which was based upon the plainest principles of justice and common fairness, we do not believe. It is manifest that the notice in this case did not state the extent and location of the encroachment with the precision that was required by the statute of 1890. The statement in the notice that there was a map in the possession of the commissioner which the appellant was at liberty to inspect, and by reference to which the nature of the encroachment would more particularly appear, was not a specification of the extent and location of the encroachment. The map was not served, and consequently formed no part of the notice. If the commissioner could retain the map, and it still be regarded as a part of the notice, upon the same principle he

might retain the whole description, provided he gave notice that it was in his possession and might be inspected. The only statement actually contained in the notice was to the effect that the appellant's fence encroached upon the highway along the whole of his land to the westerly line at different distances, ranging from seven feet four inches to fifteen feet. Obviously that was no specification of the extent and location of the encroachment. It is quite apparent that if the appellant had desired to comply with the notice, he could not have determined from it where his fence should be located, or the precise extent of the encroachment. Indeed, the proof discloses that the line of the alleged encroachment was extremely variant, and could not have been located from the data contained in the notice.

We have examined the cases referred to by the respondent, but find nothing in them which is in conflict with the principle of the cases already cited, or which in any way aids the contention of the respondent.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.