(64 App. Div. 155.)

### TOWN OF WEST UNION v. RICHEY.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. ENCROACHMENT ON HIGHWAY—PENALTIES—ACTION—ISSUE.

Where, in an action to recover the penalty given by Laws 1890, c. 568, § 105, for encroaching on the highway with a fence, defendant does not plead title nor give the undertaking essential to make such plea effective, the controversy will be confined to the precise location of such highway by the user of the public.

2. JUSTICES OF THE PEACE—CONFLICTING EVIDENCE—FINDING—APPEAL.

Where the evidence, in an action before a justice of the peace, is conflicting, the county court cannot disturb a verdict thereon, on appeal, though it be contrary to the weight of evidence.

3. HIGHWAYS—ENCROACHMENT.

Laws 1890, c. 568, § 100, declares that a highway, by 20 years' user, shall have the same force and effect as if it had been duly laid out and recorded as a highway. Section 105 provides that the commissioners of highways shall serve on the owner of lands adjoining that part of a highway in which an encroachment may exist a notice directing such owner to remove the same within a specified time, not more than 60 days after the service of notice, under penalty. *Held*, that such latter section applies to highways established by user for 20 years as well as those laid out and entered of record.

Appeal from Steuben county court.

Action by the town of West Union against Mortimer Richey. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Eli Soule, for appellant.
Silas Kellogg, for respondent.

SPRING, J. This action was commenced in the justice's court of the town of West Union, county of Steuben, September 26, 1895, to recover a penalty of the defendant for his neglect in not removing a fence which it is alleged encroached upon a highway of the said town. The action was brought pursuant to section 105, c. 568, Laws 1890, and which act is known as the highway law of the state. The section referred to permits a recovery of $25 as a penalty for the neglect or refusal to remove an encroachment in a highway after a prescribed notice has been served. The facts in this case show practically without dispute that the alleged highway had been used and treated as such uninterruptedly and extensively for 40 or 50 years. The question in controversy was not as to the existence of the highway, but as to its precise location by the user of the public. The defendant owned land on the west side of this highway, which was one of the most important in the town, extending in a northeasterly direction from the village of Rexville, in said town, where the defendant resided. In June, 1895, the defendant extended his fence in front of his premises about 18 links, into what is claimed to be the highway. The result of this was to make his fence jut into the street along the plaintiff's premises a distance of about 68 links. This fence constituted the encroachment complained of, and which the commissioner of highways sought to have the defendant remove, serving upon him the notice required by the section of the highway law referred to. The projection of the fence in front of the plaintiff's premises is uncontroverted. The defendant did not plead title, nor give the undertaking essential to make effective this plea. The controversy was therefore confined to the use of this highway by the public. If that user embraced the lands taken in by the fence of the defendant, then there was an encroachment. If, however, the public easement, as evidenced by travel along the road, was outside of this fence, the defendant was not liable. The right of possession was not involved or litigated, but the actual possession was the pith of the action, and that did not involve the title to the premises. Little v. Denn, 34 N. Y. 452; Saunders v. Townsend, 26 Hun, 308; Dunster v. Kelly, 110 N. Y. 558, 18 N. E. 361.

There was considerable conflict in the testimony as to the actual territory embraced in the user by the public. The highway was claimed to be three rods in width, and wherever its boundaries were delineated by fences this width was shown. The traveled track did not extend over the entire three rods. We would not expect to find the ordinary traveled track in the country covering the entire width of the highway. There is, nevertheless, abundant proof to show that whenever the public deemed it desirable to travel along the premises covered by the encroachment there was no interference with that travel. Several witnesses testified to driving along the land west of the fence erected by the defendant at different times before he cut

it off from the highway. There was the same passage over it that is usually found in a country highway which is used to a considerable extent. In working on the highway, ditches were plowed along the strip west of the line where the fence now is, and even the defendant, when overseer of the highways, did public work on this part of the alleged highway. There was, therefore, a question of fact for the jury, and the county court had no authority to disturb the judgment on the ground that it was against the weight of evidence, even if that be true, as strenuously contended by the appellant's counsel. Lundlum v. Couch, 10 App. Div. 603, 42 N. Y. Supp. 370; Northridge v. Astarita, 47 App. Div. 486, 62 N. Y. Supp. 441; Mason v. West, 61 App. Div. 40, 70 N. Y. Supp. 478.

We do not mean to imply that it is necessary to resort to this technical rule to sustain the judgment on the facts to which reference has been made; for there was a fair, genuine controversy between the parties. The notice of removal was plain and definite in advising the defendant of the extent of his appropriation of the highway, and we are not, therefore, embarrassed by any defect in that instrument.

The alleged highway was never laid out or entered of record, and it is urged that this action to recover a penalty for its encroachment will not lie on that account. This renders necessary an examination of the statutes pertaining to highways by user, and encroachments thereupon. As early as 1817, Laws 1817, p. 32, c. 43, § 3, provided "that, when any roads have been used as public highways for twenty years or more, the same shall be taken and deemed as public highways, although no record thereof has been made." And the same provision, in substance, was carried along in 1 Rev. St. (4th Ed.) p. 1049, pt. 1, tit. 1, c. 16, § 115 (1 Rev. St. p. 521, § 100). Force has been given to this section in treating highways created by prescription for a period of 20 years the same effect as those laid out by proceedings under the statute, or established by dedication. City of Cohoes v. President, etc., Delaware & H. Canal Co., 134 N. Y. 397, 31 N. E. 887; Speir v. Town of Utrecht, 121 N. Y. 420, 24 N. E. 692.

A provision certainly as general and sweeping in its terms is contained in the highway law (chapter 568, Laws 1890), section 100 of which reads in part as follows:

"All lands which shall have been used by the public as a highway for the period of twenty years or more, shall be a highway, with the same force and effect as if it had been duly laid out and recorded as a highway, and the commissioners of highways shall order the overseers of highways to open all such highways to the width of at least two rods."

To preserve the integrity of the highways in their entirety for the use of the public, the commissioners of the highways of the town were early vested with authority to remove obstructions or encroachments summarily, or to maintain an action for a penalty against the offending person. In 1 Rev. St. (4th Ed.) p. 1050, pt. 1, tit. 1, c. 16, art. 5, § 121 (1 Rev. St. p. 521, § 103), we find the following:

"In every case where a highway shall have been laid out, and the same has been or shall be encroached upon by fences, erected by any occupant of the land through or by which such highway runs, the commissioners of highways of the town shall, if in their opinion it be deemed necessary, order

such fences to be removed, so that such highway may be of the breadth orig-
inally intended."

The order referred to in the language quoted was required to be
in writing, and the occupant was entitled to 60 days' written notice
to remove the encroaching fences, and the order must "specify the
breadth of the road originally intended, the extent of the encroach-
ment, and the place or places in which the same shall be." By the
.succeeding section, if the occupant failed to comply with the notice,
he forfeited "the sum of fifty cents for every day after the expiration
of that time for which such fences shall continue unremoved." The
right of summary removal at the expense of the occupant by the com-
missioners of highways was also provided for. The following sec-
tions provide a plan at the expense of the occupant for testing
whether the encroachment exists. It will be observed that section
121 in explicit language limits the removal and forfeiture to a
highway "laid out," and the notice is confined to the width of the
road "originally intended," and there was therefore no room to ex-
tend this penal statute to a highway by prescription. By section 1,
c. 125, Laws 1870, the section quoted was amended so as to relate
to highways "laid out or ascertained, described and entered of record
in the town clerk's office"; thus embracing the roads by user for
20 years which the commissioners of highways had included in the
recorded highways of the town. It will also be noticed that this
amendment gave no authority to remove summarily an encroach-
ment upon a highway by user, or to sue the offender for the penalty,
however well defined may have been the boundaries of the road, or
whatever may have been the length of time or extent of the public
user. This authority was still confined to a highway of which there
was a record in the town clerk's office. The courts, in giving effect
to the statute quoted, repeatedly held that the action for a penalty
for a failure to remove an encroaching fence could only be main-
tained where the highway was laid out according to law. Doughty
v. Brill, *42 N. Y. 612; Christy v. Newton, 60 Barb. 332. These de-
cisions simply gave utterance to the plain meaning of the statute,
and any other conclusion would have perverted the language used,
·and have done violence to the manifest intent of its enactment. A
radical amendment was made to section 103 (121), above quoted,
by section 1, c. 245, Laws 1878, which in part is as follows:

"In every case where a highway shall have been laid out or ascertained,
·described and entered of record in the town clerk's office, and all roads not
recorded, which have been or shall have been used as public highways for
twenty years or more, and the same have been or shall be obstructed in any
manner or encroached upon by fences or otherwise, the commissioner ,or
·commissioners of highways of the town shall, if in his or their opinion it be
.deemed necessary, order such obstructions or encroachments to be removed,
so that such highway may be of breadth originally intended."

The right of removal after 60 days' notice was continued in this
amendment, and section 104, prescribing the forfeiture of 50 cents,
also remained unchanged. A new feature was introduced into the
statute by this enactment, in that it in unmistakable language com-
prehended a highway by user. That was the sole purpose of the en-
.actment, and the courts, so far as I have been able to find any refer-

ence to the act, appreciated that a departure had been made from a policy which had long been operative. People v. Hunting, 39 Hun, 452; Bayles v. Roe (Sup.) 5 N. Y. Supp. 279; James v. Sammis (Sup.) 10 N. Y. Supp. 143. The latter case was affirmed (132 N. Y. 239, 30 N. E. 502), and Judge Bradley (at page 247, 132 N. Y., and page 503, 30 N. E.) recognized the effect of the enactment in saying:

"Since the amendment in 1878 of the Revised Statutes relating to proceedings to remove encroachments has made them applicable to public highways which have become such by user, there is no objection to the making use of them in the present case, unless, as claimed by him, some vested right existed in the plaintiff to defeat the application of those proceedings at the time they were taken."

This act continued in force until the passage of the highway law (Laws 1890, c. 568), and was then repealed, with other statutes pertaining to highways. The general law, however, in effect, comprises the same principle in recognizing no distinction between a highway created by statute and one by 20 years' user. Section 100, above quoted. The first sentence of section 105 reads:

"The commissioners of highways shall serve upon the owner or occupant of lands adjoining that part of a highway within their town, in which any obstruction or encroachment may exist, a notice specifying the extent and location of such obstruction or encroachment, and directing such owner or occupant to remove the same within a specified time, not more than sixty days after the service of the notice."

A forfeiture of $25 to the town can be enforced by action for a noncompliance with this notice, and the right to remove the encroachment summarily is still vested in the commissioners of highways. The limitation to "laid-out or ascertained highways," so long a significant characteristic in the Revised Statutes, is not carried into the present law. Emphasis is given to this omission, in that the notice is not required to specify "the breadth of the road originally intended," which was a further mark indicating application was intended only to laid-out or recorded highways. By the Revised Statutes, as already suggested, the occupant charged with infringing upon the highway was permitted to try the question of his alleged encroachment during the 60-days interim, and the mode of procedure was ingrafted in the statute. No such practice now obtains, but the occupant is relegated to his defense to the action for the penalty, or to such other remedies as are ordinarily available to any aggrieved suitor. The history of this legislation shows for a long period an evident intention to give the right primarily to commissioners of highways to remove encroachments without delay, after notice, or to enforce the penalty for failure to do so, only where there was a recorded highway. Then, by the statute of 1878, there was an obvious innovation upon this course by extending the authority to highways by user; and in the codification of the laws relating to highways we find the restriction is not galvanized into life, but highways of record and by user are placed on the same plane, and the interference with encroachments is made applicable to a highway without reference to the manner of its creation. Had it been intended to revive the distinction of these two classes of highways, so far as the treatment of encroachments by commissioners of highways is

concerned, we should expect a plain indication of that intention in the statute. While there may be no marked distinction in the language including highways by user (section 100, Laws 1890) from that employed in the original statute of 1817, yet the new section does state that a highway by 20 years' user shall have "the same force and effect as if it had been duly laid out and recorded as a highway." These words are suggestive when supplemented by section 105, which omits the words restricting its application to a highway laid out or recorded, but brings all highways within its purview. The condition which I believe has been brought about by the legislature is a wholesome one. A highway by 20 years' user is entitled to as much consideration as one recorded. It would put a premium upon the greed of an adjacent proprietor to a highway to enable him to push his fence into the street, and thus narrow the space which has been long accessible to the wayfarer, simply because there is no record of the road. The same strictness in description in the notice to apprise him of the precise extent of the alleged invasion of the highway still holds good (Town of Sardinia v. Butler, 149 N. Y. 505, 44 N. E. 179), and every protection is accorded him which existed under the Revised Statutes, but in another form. The limitation of the right to remove encroachments to recorded highways created a factitious discrimination, and was adhered to by the courts solely because of the positive requirement of the statute. It was well to dispel the distinction which was founded upon a fiction, and permit the remedy to apply to every highway. The judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs. All concur.